State ex rel. Bryant et al vs. Judge.

No. 9044.

THE STATE EX REL. E. K. BRYANT ET AL VS N. H. RIGHTOR, JUDGE
OF THE CIVIL DISTRICT COURT, ETC.

On an application for a *mandamus* the ruling of a district judge referring exceptions to the
merits, cannot be reviewed.

The writ issues to proceed. not to recede : to do, not to undo.

The judge is vested with a legal discretion and he has exercised it.

His action can cause the exceptors no irreparable injury, as it can be revised by himself.
before the final determination of the suit, or on appeal by this Court, which, if he have
erred, will render such judgment as he *ought* to have pronounced.

APPLICATION for a Mandamus.

*Percy Roberts* and *E. E. Moise*, for the Relators.

*W. S. Benedict* and *F. W. Baker* for the Respondent.

The opinion of the Court was delivered by
BERMUDEZ, C. J.    This is an application for a *mandamus*.

The relators claim that the district judge, instead of either overrul-
ing or sustaining certain exceptions filed by them, has referred the
same to the merits.

The judge returns, that the exceptions were twofold :    Attacking and
denying the *capacity* of the plaintiffs in the suit to stand on judgment
and their *title* to the claim sued upon ; that, after full and fair hearing
of the evidence and argument of counsel, believing said exceptions not
well founded as far as the *capacity* of plaintiff to stand in judgment
was concerned, but thinking that the exception, as to the *title* of plain-
tiff, though not made out, could more truly, fairly and justly be de-
cided, after hearing the evidence in full upon the merits, and desiring
not to prejudice defendant's rights, or to cut them off from said excep-
tions, he, (the judge) under the judicial discretion vested in him by
law and under and in accord with the practice of his court and of the
courts of the State generally, referred said exceptions to the merits to
be tried and decided therewith.

This Court is clearly asked to review the ruling of the lower judge,
which is claimed as erroneous.    It is asked to reverse that ruling and
to reinstate the exceptions, or to direct the district judge *to do so*, and
to require him to dismiss or maintain those preliminary defenses.

This cannot be done, on an application for a *mandamus*, which, when
granted, becomes a mandate to *proceed*, not to *recede* ; to do, not to undo.
33 A. 268.

The apprehension of the relators that the ruling of the district judge may work them an irreparable injury, is entirely without foundation.

The district judge himself has the power thereafter to reconsider his interlocutory decree, and also the preliminary defenses; and, were he to find his ruling erroneous and the exceptions well founded, he can set aside and act on the exceptions, sustaining or annulling them, as he might think legal, even after evidence has been received and argument heard on the merits, should he not do so, his ruling referring to the merits and his subsequent decision, on the same defenses and on the merits, can be brought, by appeal, to this Court, who will then render such judgment as the district judge *ought* to have rendered, should he be found to have erred in making the reference complained of. State *ex rel.* Phlug vs. Judge Civil District Court, 35 A. 765.

The district judge says in his return that he has heard evidence and argument of counsel, that, for reasons satisfactory to himself, he has decided that, part of the defense was well founded, but was not ready to pass on the other branch and that, in the interest of justice, he thought it preferable to refer the exceptions to the merits.

This shows clearly the exercise of a discretion vested in him by law. It justifies his conduct, although it may not his ruling which may nevertheless be incorrect and injurious to the interest of the parties. The injury, if any, can be repaired before or after appeal.

The application is refused with costs.