No. 14,121.

108  311
e112 258

STATE EX REL. GEORGE PRINCE, ET AL., VS. POLICE JURY, ET AL.

### SYLLABUS.

1. The application for writ must be timely filed.
2. The one to whom the bid was awarded went in possession of the franchise and privilege with the assent of the relators. He had been in possession and at work for the past two months prior to relator's application and nearly a year prior to the present date.
3. Examination has not resulted in finding any authority to sustain a *mandamus* filed at as late a date in matter of an awarded contract after the award has been made and the contractor engaged in its execution.
4. The remedy to enforce is by direct action. A judgment in *mandamus* proceedings would not result in ending the litigation.
5. The right of relator to bring an ordinary suit is specially reserved.

A PPEAL from the Tenth Judicial District, Parish of Concordia— *Dagg, J.*

---

*J. S. Boatner* and *Boatner, Dodds & Boatner,* for Plaintiff, Appellant.

---

*John Dale* and *Samuel Lucius Elam,* for Defendants, Appellees.

---

The opinion of the court was delivered by

BREAUX, J. Relators sued for a writ of mandamus to force the officers of the municipality to enter into a contract with them.

They aver that the police jury illegally advertised the public letting of a public ferry for five years, from Vidalia, Louisiana, to Natchez, Mississippi, by inserting in the advertisement that "the right is reserved to refuse any and all bids," and that the president of the police jury refused to let the ferry privilege to them, but that after the bidding and after it had been announced that relators were the highest bidders, he by private contract let the ferry privilege to S. B. McNeely for an amount less than relators bid.

Plaintiffs had been lessees since 1896; they were notified to vacate and to discontinue their ferry service at the end of the term of the lease, i. e., on March 11th, 1901, and they aver that being in ignorance of their legal rights at the time, they surrendered the ferry in accordance with the notice they received. They only brought their suit by *mandamus* sixty days thereafter.

Plaintiffs aver that the police jury was without right under the terms of the statute which requires that body to let out its contracts to the highest bidder; to reserve "the right to reject any and all bids," and to follow up this advertisement by rejecting the highest bidder and accepting the lowest.

Defendants, on the other hand, contend that relators never asked to run the ferry before suit had been filed; that they willingly gave up the ferry, its franchise and privilege. It appears that a committee was appointed by the police jury some time before offering the ferry privilege for sale and a committee was appointed by the City of Natchez, on the opposite side of the river, in order to act together. These committees met and agreed to act jointly as far as possible in order to obtain a joint ferry service. This agreement was carried into execution.

Bids for the Natchez side were received, relators bidding four hundred and fifty dollars and the one to whom the contract was adjudicated, McNeely, six hundred annd fifty-two dollars. It happens on the Natchez side the relators were the lowest bidders. On the Vidalia side relators' bid was three hundred and sixty dollars, while that of McNeely to whom the contract was awarded was something less.

Respondents contend that without this agreement between the authorities of Vidalia and Natchez there would have been two ferries, one from each side, and that in consequence the public have suffered inconvenience, as the business does not justify two ferries. The relat-

ors, it seems, were advised of the joint action of the authorities before mentioned. One of them was present in Natchez when the committttees met and conferred, and when they submitted their bids relators had complete knowledge of everything that had been done to place the ferry on both sides in the hands of one lessor.

We have no concern with the plea of estoppel and have not dwelt upon the narrative of facts as above with any thought of sustaining that plea urged by respondents. We purposely withhold all expression of opinion regarding estoppel. We decide that in view of the facts of this case *mandamus* does not lie, although it may be relators are entitled to a direct action. The facts are referred to only as showing how far the contract which had been awarded as before mentioned, had been executed when relators sued for a *mandamus*. There had been acquiescence enough on the part of the relators to render it impossible for them to sustain an application for *mandamus*.

The writ must issue in strict conformity to law. It cannot very well be issued after an act has been completed in the presence of and without objection on the part of the one by whom *mandamus* is asked. *Mandamus* compels the performance of an act enjoined by law and does not issue to compel the undoing of an act after it has been executed as in this case under the facts and circumstances disclosed by the record.

The court will not make an order to affect an awarded contract under which operations have been conducted for some time, without notice of contest, and this although no allegation is directed against the one to whom it has been awarded who is not a party. Should he in a case later by direct action be made a party, he may interpose and urge whatever rights he may have.

Less grounds were held fatal to a *mandamus* in State *ex rel.* Nevins vs. Commissioners of Printing, 18 Ohio, 388. In People *ex rel* Luney vs. Campbell, 72 New York Court of Appeal, it was said that "if the right of the relator was absolute to contract, as claimed, he has a remedy at law and was not in strictness entitled to a *mandamus*. If the relator has complied with the provisions of the city charter, he has a right against the city for damages sustained. No rule is better settled than that in such a case *mandamus* will not lie." Citing a number of decisions.

In State *ex rel.* Phelan vs. Board of Education, 24 Wisconsin, 684.

the court went further than there is any necessity in order to support our view, by holding that the mere letting of public works does not entitle the one who claims that he is the lowest bidder to a *mandamus* to compel the letting of the contract to him after his bid has been rejected and the contract awarded to another; that the bidder has no absolute right to a writ compelling the execution of a contract with him after one has been in fact let to another. This view also is sustained by cited decisions.

The weight of authority seems to hold that a bidder cannot compel the issue of a writ of *mandamus* to force the officers to enter into a contract with him after the award has been executed. Colorado Paving Co. vs. Murphy, 37 L. R. A. 634. Mr. High, in his Extraordinary Legal Remedies, is equally as clear in the view expressed, p. 74 *et seq.* These decisions go much farther than there is any necessity for us to go in this case.

Other grounds germane to the foregoing are equally as fatal to the *mandamus* for which relators sue, viz.: It will not be granted where it is manifest that it will prove unavailing; under no circumstances could it be decreed that the one to whom the contract was awarded must vacate and surrender the contract to relators, and without such an order there could be no specific performance and the *mandamus* would be a dead failure.

The act, the performance of which is asked for, must be legally possible before the writ issues. In the present suit it is not legally possible. *Mandamus* was not the remedy. The one to whom the contract was awarded was in possession and was carrying passengers, luggage, and freight across the river, a work from which he cannot well be stopped without making him a party; and, as he is not one who can be made a respondent, it only remains for us to sustain the decision of the District Court. The rights of relators to bring a direct action are reserved.

For reasons assigned, the decision of the District Court is affirmed.
Rehearing refused.

PROVOSTY, J., takes no part, not having heard the argument.