ROSEMARY LEDET, Judge.
11 This is an action for mandamus, declaratory relief, and damages. The plaintiff, 2400 Canal, LLC (“2400 Canal”), is the former owner of property located at 2400 Canal Street in New Orleans (the “Property”), which was expropriated by the Board of Supervisors of Louisiana State University Agricultural and Mechanical College (the “Board”). The stated purpose of the expropriation was to facilitate the construction by the United States Veterans Affairs (the “VA”) of a new hospital on the site, the new VA Medical Center hospital (“VAMC”). Thereafter, 2400 Canal commenced this action against the Board and its president, John Lombardi. In its petition, 2400 Canal alleged that the Board violated its constitutional rights under La. Const. Art. I, § 4(H)(1)[1] by leasing the Property to the VA without offering it, as the original owner, a right of first refusal to purchase |2the Property at current fair market value. The Board and Mr. Lom *822 bardi responded by filing peremptory and dilatory exceptions. From the trial court’s judgment sustaining the exceptions and dismissing the action, 2400 Canal appeals. Noticing on our own motion 2400 Canal’s lack of a cause of action under La. Const. Art. I, § 4(H)(1), we affirm the trial court’s judgment in this case. We, however, dismiss the appeals in the two consolidated cases.[2]
FACTUAL AND PROCEDURAL BACKGROUND
In March 2010, the Board filed a petition to expropriate the Property. In its petition, the Board stated that, pursuant to La. Const. Art. VII, § 14(C),[3]' the City of New Orleans, the Board, and the State of Louisiana, through the Division of Administration, (the “State”) had entered into a Cooperative Endeavor Agreement (“CEA”) to acquire the property necessary for the construction of the VAMC. The Board further stated that the purpose of the expropriation was “for [the] public and necessary purposes of the VA Medical Center [VAMC].”
|aIn September 2011, the parties settled the expropriation action by entering on the record a confidential compromise agreement. Under that agreement, 2400 Canal agreed to “forever release and discharge” the Board from “any and all liability and responsibility for any ... amount and all claims and causes of action that it may have or may have had arising out of or in any manner associated or connected with any events, facts, transactions or occurrences alleged or that could have been alleged in this matter.” Following the settlement, 2400 Canal contended that it learned of the Board’s intent to lease the Property to a third party, the VA, in violation of its constitutional rights under La. Const. Art. I, § 4(H)(1).
In November 2011, 2400 Canal filed the instant action, which it styled as a “Petition for Writ of Mandamus, For Declaratory Relief and For Damages,” against the Board and its president. The principal relief it requested was the nullification of the Right of Possession, Use, and Occupancy Agreement, dated February 17, 2010, entered into between the Board, the VA, and the State (the “Use Agreement”). *823 According to 2400 Canal, the Use Agreement was an illegal lease because it violated 2400 Canal’s constitutional rights under La. Const. Art. I, § 4(H)(1). In its petition, 2400 Canal prayed for three types of relief: (i) an order nullifying the alleged lease (the Use Agreement), (ii) an order requiring the Board to offer the Property to 2400 Canal for its current fan market value, and (iii) damages.
In response, the Board and its president (the defendants) filed multiple exceptions. As to the Board, the defendants asserted a peremptory exception of res | Judicata based on the compromise agreement and dilatory exceptions of unauthorized use of a summary proceeding and improper cu-mulation of actions. As to the Board’s president, the defendants asserted peremptory exceptions of no cause and no right of action.
Following a hearing, the trial court sustained all of the exceptions and dismissed the action. As to the peremptory exceptions of no cause and no right of action, the trial court reasoned that “[a]ny actions undertaken by Mr. Lombardi in the instant ease, were done in furtherance of his official duties as President of the LSU Board for which he cannot be held individually liable.” As to the dilatory exceptions of improper use of summary proceeding and improper cumulation of actions, the trial court reasoned that the writ of mandamus was procedurally defective in that the substance of the relief sought by 2400 Canal was available in an ordinary proceeding. See La. C.C.P. art. 3862.[4] The court further found that the petition improperly requested declaratory and monetary relief — two types of ordinary proceedings — through a summary proceeding. See La. C.C.P. arts. 2592.[5] The trial court noted that it would neither grant 2400 Canal an opportunity to amend its petition nor order the separate trial of the actions.
Agreeing with the defendants, the trial court found, based on the compromise agreement, that res judicata barred re-litigating the claims and issues raised in this action. In so finding, the trial court reasoned:
| sThe compromise agreement contained a full and complete release of all claims and causes of action that 2400 Canal had or may have in connection with the expropriation of its property. Plaintiffs Writ of Mandamus seeks to enforce its constitutional rights under Article I Section 4(H)(1) of the Louisiana Constitution of 1974 by classifying the Right of Possession, Use and Occupancy Agreement between the LSU Board, VA and the State of Louisiana as a lease and seeking nullification of same. LSU asserts that the Right of Possession, Use and Occupancy Agreement is not covered by this constitutional provision. Plaintiffs argued that res judicata could not apply to the instant action for constitutional violations since La. R.S. 19:147 limited their defense of an expropriation to a Motion to Dismiss and did not encompass its allegations of constitutional violations for expropriating its property and “leasing” it to the VA, without extending the right of first refusal to plaintiff as original owner. This argument has no merit in the context of the instant action where the plaintiff has compromised all claims and causes of action that 2400 Canal had or may have *824 in connection with the expropriation of its property.
From that decision, 2400 Canal appeals.
DISCUSSION
The relevant facts in this case are undisputed; hence, the appeal is limited to legal questions. “Legal questions are reviewed utilizing the de novo standard of review.” Fornerette v. Ward, 10-1219, p. 4 (La.App. 4 Cir. 5/11/11), 66 So.3d 516, 520 (citing Cherry v. Audubon Ins. Co., 09-1646, p. 4 (La.App. 4 Cir. 10/20/10), 51 So.3d 109, 113). “When considering legal issues, the appellate court assigns no special weight to the trial court and, instead, conducts a de novo review of questions of law and renders judgment on the record.” Roger A. Stetter, La. Prac. Civ.App. § 10:53 (2011 ed.).
2400 Canal assigns as error the trial court’s ruling sustaining all five of the defendants’ exceptions — res judicata, improper use of summary proceeding, improper cumulation of actions, no right of action, and no cause of action.[6] As | (¡noted, the defendants’ exception of no cause of action was directed solely to the claims against the Board’s president. This court, however, notices on its own motion 2400 Canal’s lack of a cause of action under La. Const. Art. I, § 4(H)(1) against either defendant. See La. C.C.P. art. 927(B).[7] Because we find the petition fails to state a cause of action as to either defendant, we pretermit addressing the issue presented regarding the procedural deficiencies of the writ of mandamus.[8]
The function of the peremptory exception of no cause of action is “to have the plaintiffs action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action.” La. C.C.P. art. 923; Fagot v. *825 Parsons, 06-1528 (La.App. 4 Cir. 5/9/07), 958 So.2d 750. The questioned posed by an exception of no cause of action is “whether the law |7provides a remedy against the particular defendant.” Badeaux v. Southwest Computer Bureau, Inc., 05-0612, 05-0719, p. 7 (La.3/17/06), 929 So.2d 1211, 1216-17. An exception of no cause of action thus tests “the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading.” Moreno v. Entergy Corp., 10-2281, p. 8 (La.2/18/11), 62 So.3d 704, 706; see also Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993); La. C.C.P. art. 931 (noting that the question posed is “whether, on the face of the petition, the plaintiff is legally entitled to the relief sought”).
In deciding an exception of no cause of action a court can consider only the petition, any amendments to the petition, and any documents attached to the petition. B-G & G Investors VI, L.L.C. v. Thibaut HG Corp., 08-0093, pp. 4-5 (La.App. 4 Cir. 5/21/08), 985 So.2d 837, 841 (citing Spellman v. Desselles, 596 So.2d 843, 845 (La.App. 4 Cir.1992)); “[n]o evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action.” La. C.C.P. art. 931. A court cannot consider assertions of fact referred to by the various counsel in their briefs that are not pled in the petition. State ex rel. Guste v. Audubon Park Commission, 320 So.2d 291 (La.App. 4th Cir.1975). The grant of the exception of no cause of action is proper when, assuming all well pleaded factual allegations of the petition and any annexed documents are true, the plaintiff is not entitled to the relief he seeks as a matter of law; any doubt must be resolved in the plaintiffs’ favor. Kuebler v. Martin, 578 So.2d 113 (La.1991).
| ^Applying these precepts, we find based on our review of the petition and the documents attached to it — the Expropriation Petition and the Use Agreement— that 2400 Canal lacks a cause of action. In its petition, 2400 Canal alleged the following:
• 2400 Canal, LLC acquired the immovable property at 2400 Canal Street via auction from the City of New Orleans in February of 2006.
• On or about March 10, 2010, BS [the Board] filed a Petition to Expropriate the immovable property at 2400 Canal Street. (See Exhibit “A”).
• Upon information and belief, BS [the Board] has leased the property that it expropriated to a third party, specifically, the Veterans’ Administration, on February 17, 2010, via a Right of Possession, Use and Occupancy Agreement executed between the Board of Supervisors of Louisiana State University A & M College, United States Department of Veterans Affairs and the State of Louisiana, through the Division of Administration, Office of Facility Planning and Control (see Exhibit “B”).
• The Right of Possession, Use and Occupancy Agreement [the Use Agreement] is apparently for a hospital and is an illegal lease of property expropriated. [See La. Const. Art. I, § 4(H)(1).]
• Prior to leasing the property, BS [the Board] failed to offer the property to 2400 Canal for fair market value.
• As a result of the defendant’s actions, BS [the Board] has violated 2400 Canal’s constitutional rights.
Although 2400 Canal alleges in its petition that the Use Agreement is an illegal lease, this is a legal conclusion that we cannot consider in deciding an excep *826 tion of no cause of action. Legal conclusions asserted as facts are not considered well-pled factual allegations for purposes of an exception of no cause of action. First Natchez Bank v. Malarcher-Damare Co. 135 La. 295, 65 So. 270, 272 (1914); Kyle v. Civil Service Comm’n., 588 So.2d 1154, 1159 (La.App. 1st Cir.1991). A court may not consider legal conclusions “clothed as fact.” Hooks v. Treasurer, 06-0541, p. 10 (La.App. 1 Cir. 5/4/07), 961 So.2d 425, 431-32. Simply stated, courts “are not compelled to accept a party’s legal conclusions as facts.” Hoooks, 06-0541 at p. 10, 961 So.2d at 432. “If the pleader alleges [legal] conclusions and not material facts (such as a petition in a negligence action which alleges only that the defendant failed to use “due care”), the pleader has failed to state a cause of action.” 1 Frank L. Maraist and Harry T. Lemmon, Louisiana Civil Law Treatise: Civil Procedure § 6:7 (2d ed.2012) (citing Johnson v. Edmonston, 383 So.2d 1277 (La.App. 1st Cir.1980)); see also Walton Const. Co. v. G.M. Home & Co., 07-0145, p. 6 (La.App. 1 Cir. 2/20/08), 984 So.2d 827, 832; Charia v. Hulse, 619 So.2d 1099, 1102 (La.App. 4th Cir.1993).
Under Louisiana law,[9] a lease is distinguishable from a right of use. Eagle Pipe and Supply, Inc. v. Amerada Hess Corp., 10-2267, pp. 16-17 (La.10/25/11), 79 So.3d 246, 262; Richard v. Hall, 03-1488, pp. 17-18 (La.4/23/04), 874 So.2d 131, 145. The Louisiana Civil Code defines a lease as “a synallagmatic contract by which one party, the lessor, binds himself to give to the other party, the lessee, the use and enjoyment of a thing for a term in exchange for a rent that the lessee binds himself to pay.” La. C.C. art. 2668. The Civil Code defines a right of use as a personal servitude. La. C.C. art. 534.[10] The Civil Code further provides that Im“[t]he personal servitude of right of use confers in favor of a person a specified use of an estate less than full enjoyment.” La. C.C. art. 639.
The distinction between a lease and a right of use, as indicated in the Civil Code, is that a right of use is a real right and a lease is a personal right. “Louisiana treats all leases as personal contracts. Louisiana does not make a taxonomical distinction between leases of movables and leases of immovables, as does the common law, under which a lease of real property creates an estate in land while a lease of personalty creates only a personal right.” General Elec. Capital Corp. v. Southeastern Health Care, Inc., 950 F.2d 944, 950 (5th Cir.1991). In sum, a lease is distinguishable from a real right, such as a right of use, because “[a] lease of real estate involves personal rights, rather than real rights.” Peter S Title, 2 La. Prac. Real Est. § 18:2 (2d ed.2011)(citing Prados v. South Central Bell Tel. Co., 329 So.2d 744 (La.1975) (on rehearing)).
As noted, 2400 Canal labels the Use Agreement as a lease and thus contends that the Board violated its constitutional right under La. Const. Art. I, § 4(H)(1) by leasing the Property to the VA without first offering it a right of first refusal. The Use Agreement, which is attached to the petition as Exhibit “B,” includes the following references that are relevant to the issue of whether this agreement is a lease:
*827 • “Grantor [The Board] hereby grants to Grantee [the VA], and Grantee hereby accepts from Grantor, an irrevocable right of possession, use, and occupancy for the Premises.... Grantee shall pay to Grantor during the Term rental of ONE dollar ($1.00) per year. Additional consideration for this right of possession, use, and occupancy is VA’s plan to construct the new VAMC in close proximity to the new University Medical Center.”
In* “Grantor will not obtain any property interest in any improvements placed upon the property by Grantee. During the term or upon the expiration or termination of this Agreement, all improvements made by the Grantee shall remain the property of the United States of America.”
• “Grantee shall be responsible for paying all real property taxes (if any) duly assessed against Grantee’s interest in the land and Building comprising the Premises.”
• “This Agreement does not constitute a transfer of fee simple title ownership in the Premises to Grantee [the VA], but is rather a right of possession, occupancy, and use.”
The above quoted provisions of the Use Agreement belie 2400 Canal’s label of this agreement as a lease. The Use Agreement, by its terms, confers real rights on the VA; hence, it is not a lease. See Richard, 03-1488 at pp. 17-18, 874 So.2d at 145 (noting that “[u]nder the civil law concept, a lease does not convey any real right or title to the property leased, but only a personal right.”) Although the Use Agreement refers to the VA’s payment of “rental” of one dollar per year, “if the right intended to be conveyed has the attributes of a real right such as a personal servitude or a limited personal servitude of use, then the contract is not a lease, even though the parties used terms like ‘rent’ or ‘lease.’ ” La. C.C. art. 2668, Official Revision Comment (d). Such is the case here.
On appeal, 2400 Canal also contends that the Board violated La. Const. Art. I, § 4(H)(1) by selling the Property pursuant to an Act of Exchange and Amended Act of Exchange. It emphasizes that the Act of Exchange expressly states that it may be deemed to be a credit sale. Although 2400 Canal attached copies of the Act of Exchange and the Amended Act of Exchange as exhibits to its appellant brief, neither of these documents were introduced into evidence in the trial court. 112“Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence.” Denoux v. Vessel Mgmt. Servs., Inc., 07-2143, p. 6 (La.5/21/08), 983 So.2d 84, 88; see also Triss v. Carey, 00-0608, p. 3 (La.App. 4 Cir. 2/7/01), 781 So.2d 613, 615; Argence L.L.C. v. Box Opportunities, Inc., 07-0765, p. 4 (La.App. 4 Cir. 3/13/08), 980 So.2d 786, 789 n. 3. “Evidence not properly and officially offered and introduced [in the trial court] cannot be considered, even if it is physically placed in the record.” Denoux, supra. Given that 2400 Canal failed to introduce either the Act of Exchange or the Amended Act of Exchange into evidence in the trial court, these documents are not part of the record on appeal and cannot be considered by this court.
Accordingly, we find that the Use Agreement is not a lease and that 2400 Canal therefore lacks a cause of action against either defendant under La. Const. Art. I, § 4(H)(1), which by its express terms applies solely to the sale or lease of expropriated property.

DECREE

For the foregoing reasons, the appeals in 2012-CA-0221 and 2012-CA-0222 are *828 dismissed. The judgment of the trial court in 2012-CA-0220 is affirmed.
AFFIRMED IN PART, DISMISSED IN PART

. La. Const. Art. I, Section 4(H)(1) provides: Except for the removal of a threat to public health or safety caused by the existing use or disuse of the property, and except for leases or operation agreements for port facilities, highways, qualified transportation facilities or airports, the state or its political subdivisions shall not sell or lease property which has been expropriated and held for not more than thirty years without first offering the property to the original owner or his heir, or, if there is no heir, to the successor in title to the owner at the time of expropriation at the current fair market value, after which the property can be transferred only by competitive bid open to the general public. After thirty years have passed from the date the property was expropriated, the state or political subdivision may sell or otherwise transfer the property as provided by law.

. In addition to appealing the trial court’s judgment dismissing its petition for mandamus, declaratory relief, and damages, 2400 Canal filed a new Petition for Injunction and a new Petition for Damages in the district court. In these new actions, 2400 Canal asserted the same violation of its constitutional rights under La. Const. Art. I, § 4(H)(1) that it asserted in the initial action. Those two cases were consolidated with the instant one, and separate appeal numbers were assigned to those cases: the Petition for Damages, 2012-CA-0221; and the Petition for Injunction, 2012-CA-0222. Although the defendants have filed exceptions in the two new cases, the trial court has declined to take any action in either of those cases. Rather, the trial court has indicated that those exceptions will be set for hearing, "if necessary, following resolution of the pending appeal.” Given the lack of an appealable judgment in either 2012-CA-0221 or 2021-CA-0222, we dismiss those two appeals. See La. C.C.P. art. 2162 (providing that an appeal can be dismissed at any time "because there is no right to appeal.”) Additionally, we note that the claims before us on appeal are further narrowed by 2400 Canal’s acknowledgement in its reply brief that "it dismissed its claims for damages and declaratory relief at the hearing [in the trial court] on its Petition for Mandamus.” The sole claim before us on appeal is thus 2400 Canal’s claim for mandamus.

. La. Const. Art. VII, § 14(C) provides:
(C) Cooperative Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.

. Article 3862 provides "[a] writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice” La. C.C.P. art. 3862.

. Article 2592 defines mandamus as a summary proceeding.

.2400 Canal’s assignments of error are as follows:
1. The District Court erred in granting LSU's Exception of Res Judicata as the State's obligations under Art. 1 Sec. 4(H)(1) are separate from actions testing the amount of compensation owed a property owner in compensation for an expropriation.
2. The District Court erred in granting LSU’s Dilatory Exception of Improper Use of Summary Proceeding as Mandamus is the only appropriate vehicle to seek the Court to compel action by the State.
3. The District Court erred in granting LSU’s Exceptions of No Cause of Action and No Right of Action relative to John Lombardi, as Lombardi himself executed the agreements at issue in this matter, and is the only individual with the authority to do so. It is therefore his acts that an action against LSU can seek to compel or enjoin.
4. The District Court erred in granting LSU's Exception of Improper Cumulation of Actions because 2400 [Canal] has an obligation to bring all actions it may have against LSU or Lombardi and may do so in the same pleading.

. Article 927(B) provides that "the failure to disclose a cause of action ... may be noticed by either the trial or appellate court on its own motion.” La. C.C.P. art. 927(B).

. Nonetheless, we note that a writ of mandamus is "an extraordinary remedy, which must be used sparingly by the court and only to compel action that is clearly provided by law.” Hamp’s Const., L.L.C. v. Housing Authority of New Orleans, 10-0816, pp. 3-4 (La. App. 4 Cir. 12/1/10), 52 So.3d 970, 973 (citing Allen v. St. Tammany Parish Police Jury, 96-0938, p. 4, (La.App. 1 Cir. 2/14/97), 690 So.2d 150, 153); We further note that the usual function of a writ of mandamus is to compel an act, not to undo an act already executed. See State ex rel. Prince v. Police Jury, 108 La. 311, 314, 32 So. 363, 364 (1902)(noting that ”[m Mandamus compels the performance of an act enjoined by law, and does not issue to compel the undoing of an act after it has been executed”); State ex rel. Whitney Iron Works Co. v. Judge of Twenty-Second Judicial Dist. Court, 44 La.Ann. 1085, 1092, 11 So. 684, 687 (La.1892); State ex rel. Bryant v. Rightor, 36 La.Ann. 112 (1884)(when granted a mandamus "becomes a mandate to proceed, not to recede; to do, not to undo”).

. By its terms, the Use Agreement is governed by Louisiana law, absent otherwise controlling federal law.

. Article 534 provides that "[a] personal servitude is a charge on a thing for the benefit of a person. There are three sorts of personal servitudes: usufruct, habitation, and rights of use.” La. C.C. art. 534.