| | | |
|---|---|---|
| **DOROTHY ROSS** | * | **NO. 2022-CA-0382** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **STATE OF LOUISIANA** | * | |
| **THROUGH THE UNIVERSITY** | | **FOURTH CIRCUIT** |
| **OF LOUISIANA SYSTEM,** | * | |
| **UNIVERSITY OF NEW** | | **STATE OF LOUISIANA** |
| **ORLEANS AND SENATOR** | * * * * * * * | |
| **NAT G. KIEFER UNIVERSITY** | | |
| **OF NEW ORLEANS** | | |
| **LAKEFRONT ARENA** | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2013-03912, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge
* * * * * *
**Judge Paula A. Brown**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Rosemary Ledet, Judge Paula A. Brown)


Craig J. Hebert
Amber Mandina Babin, AAG
LOUISIANA DEPARTMENT OF JUSTICE
1450 Poydras Street, Suite 900
New Orleans, LA 70112

     COUNSEL FOR PLAINTIFF/APPELLANT


Marne A. Jones
Mark A. Hill
THOMPSON, COE, COUSIN & IRONS, LLP
601 Poydras Street
Suite 1850
New Orleans, LA 70130

     COUNSEL FOR THIRD PARTY DEFENDANT/APPELLEE


                         **REVERSED AND REMANDED**
                         **NOVEMBER 18, 2022**

This is a civil action. Third-Party Plaintiff/Appellant, State of Louisiana through University of Louisiana System, University of New Orleans and Senator Nat G. Kiefer University of New Orleans Lakefront Arena (collectively, "UNO") appeals the March 4, 2022 judgment of the district court which maintained the peremptory exception of no cause of action filed by Appellee, Lexington Insurance Company ("Lexington"). Based upon our *de novo* review and for the reasons that follow, we reverse the judgment of the district court and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On February 2, 2012, UNO executed a licensing agreement (the "License") with O. Perry Walker College and Career Preparatory High School ("OPW"), which is owned and operated by Algiers Charter School Association, Inc. ("ACSA"), a Louisiana non-profit corporation. The License was granted to OPW for the limited use of the Senator Nat G. Kiefer University of New Orleans Lakefront Arena (the "Arena") as an event space for OPW's graduation ceremony (the "graduation"), which was held on May 12, 2012. As a condition precedent to

1

the granting of the License, OPW was required to obtain its own general liability insurance policy that named UNO as an additional insured and to furnish UNO with a certificate of insurance ("COI") in order to demonstrate OPW's compliance with this condition.[1]

The original plaintiff in this suit, Dorothy Ross ("Ms. Ross"), filed a petition for damages on April 24, 2013, naming UNO as the sole defendant. The petition alleged that Ms. Ross slipped and fell while attending the OPW graduation and that her fall was a direct result of UNO's negligence in failing to properly light the Arena. Ms. Ross further alleged that UNO's failure to properly light the Arena created an unreasonable risk of harm and that her fall was a foreseeable outcome of this failure. Ms. Ross averred that, as a result of this fall, she sustained a broken right ankle and multiple contusions—the former of which required four separate surgeries, a skin graft, permanent implants in her ankle—and that she contracted MRSA while she was hospitalized for these injuries.

UNO filed an answer with affirmative defenses on September 18, 2013, wherein it asserted that Ms. Ross contributed to her own injury. UNO further "reserve[d] the possibility and issue that other parties may have caused the condition to which [Ms. Ross] complain[ed] of . . . [therefore UNO] reserve[d] [its] right of contribution, subrogation, indemnity or insurance proceeds from other unnamed defendants or third parties."

---

[1] See fn 2, Clause 3 *infra*.

On January 31, 2020, UNO filed a motion for leave of court to file a third-party demand in which it sought to name ACSA and Lexington as third-party defendants. The district court granted this motion on February 3, 2020. Annexed to UNO's third-party demand were copies of both the License and the COI, the latter of which indicated that UNO was an additional insured under the policy issued by Lexington to ASCA. Based upon the attached License, UNO asserted that under clauses 3 and 19, ASCA was required to name UNO as an additional insured in its comprehensive general liability policy issued by Lexington and to indemnify UNO "against any and all claims, demands, expenses and liability arising out of injury or death to any person . . . which may occur on or about the premises."[2] UNO contended that Lexington, as ASCA's insurer, breached its

---

[2] Specifically these clauses provide:

> 3. INSURANCE. Licensee and all of its subsidiaries and parent companies agree to obtain at its own expense and to keep in full force and effect during the use or occupancy of the premises the following insurance policies with a company authorized to do business in Louisiana;
>
> EVIDENCE OF INSURANCE DUE UPON EXECUTION OF CONTRACT.
> Workmen's Compensation                                    Statutory
> Comprehensive General Liability:                           $1.000.000.00
>
> The comprehensive general liability coverage is to include contractual liability applicable to the indemnification provisions of this license. The University of New Orleans shall be named as an additional insured for all coverage and ten (10) days prior to the Commencement Date the Licensee shall furnish the University with a certificate of insurance as evidence that the required coverage is in effect.
>
> 19. INDEMNIFICATION. Licensee and all of its subsidiaries and parent companies will protect, indemnify, save and hold harmless the University, its officers, agents, servants and employees, from and against any and all claims, demands, expense and liability arising out of injury or death to any person or the damage, loss or destruction of any property which may occur on or about the premises or which may arise from, or in any way grow out of any act or omission of the Licensee, its agents, subcontractors, servants, and employees or the use and occupancy of the premises by the Licensee or anyone using or occupying said premises as a patron or an invitee of Licensee, and from any and all costs, expenses and/or reasonable attorney's fees incurred by University as a result of any such claim, demand, and/or causes of action, except for such damages arising

insurance contract when it denied coverage to UNO for the claims arising under Ms. Ross' petition for damages. UNO further alleged that Lexington engaged in bad-faith conduct in derogation of both La. R.S. 22:1892 and La. R.S. 22:1973.[3] Lexington filed an answer and affirmative defenses to UNO's third-party demand on April 15, 2020, in which it denied that UNO was a named or additional insured on the policy issued to ASCA.[4] Lexington further offered that because the petition for damages filed by Ms. Ross alleged that UNO was solely responsible for her injuries, clause 19 of the License precluded any indemnification by ASCA for acts "caused by the sole negligence of [UNO]"; therefore, no duty of indemnification could be imputed to Lexington by extension.

On April 20, 2020, Ms. Ross filed an unopposed motion to amend petition for damages, which was granted by the district court on April 30, 2020. In the amended petition, Ms. Ross named ASCA and Lexington as additional defendants. Ms. Ross averred that her injuries were caused by the negligence of both ASCA and UNO in their failure to properly light the Arena and in their failure to warn of the dangerous condition. Relying on the terms of the License, Ms. Ross further alleged that ASCA added UNO as an additional insured to its insurance policy

_____

out of injuries or property damage caused by the sole negligence of the University, its agents and employees.

[3] La R.S. 22:1892 provides, in part, for the process and time delays for an insurer to initiate claims adjustment and to make a settlement offer after satisfactory proof of loss by an insured (including third-party claims).
La. R.S. 22:1973 sets forth, in pertinent part that "[a]n insurer . . . owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach."

[4] Policy No. 41-LX-027562703

purchased from Lexington; that the policy was in full force and effect at the time of her alleged fall; and that she was, consequently, entitled to make Lexington a direct party defendant by virtue of the Louisiana Direct Action Statute, codified under La. R.S. 22:1269.

ASCA filed an answer to UNO's third-party demand on May 29, 2020, and alleged that UNO was solely responsible for any potential harms arising under Ms. Ross' petition for damages, which were due exclusively to UNO's acts or omissions. Lexington later filed an answer and affirmative defenses to plaintiff's amended petition for damages on January 5, 2021. While Lexington admitted to issuing an insurance policy to ASCA, with an effective coverage period of July 1, 2011 to July 1, 2012, Lexington denied that UNO was a named insured on this policy "under any term, condition or provision of the [p]olicy . . . ." As a result, Lexington posited that the Louisiana Direct Action Statute is inapplicable and, therefore, unavailable to Ms. Ross for any claims against Lexington.

On April 29, 2021, ASCA filed its own answer to plaintiff's amended petition for damages. ASCA denied all allegations, admitting only that it is a non-profit corporation and that the OPW graduation did take place at the Arena. As it had in its answer to UNO's third-party demand, ASCA again asserted that UNO was solely responsible for any potential harms arising under Ms. Ross' petition for damages, which it alleged were due exclusively to UNO's acts or omissions.

ASCA filed a peremptory exception of no cause of action with request for expedited consideration on November 2, 2021, regarding both the original and

amended petition for damages filed by Ms. Ross and the third-party demand filed by UNO. Following, on November 22, 2021, Lexington filed a peremptory exception of no cause of action and request for hearing also regarding both the original and amended petition for damages filed by Ms. Ross and the third-party demand filed by UNO. Lexington attached several exhibits to its exception including a copy of policy number 41-LX-027562703, labeled as "Exhibit 4." A hearing on Lexington's peremptory exception was held on January 21, 2022, and on March 4, 2022 the district court rendered judgment in favor of Lexington, sustaining its exception and dismissing all claims asserted by Ms. Ross and UNO's third-party demand with prejudice. This timely appeal follows.

## STANDARD OF REVIEW

As previously noted by this Court, "[t]he peremptory 'exception of no cause of action raises a question of law,' and a court of appeal reviews the district court's ruling *de novo*." *White v. New Orleans Center for the Creative Arts*, 19-0213 p. 7 (La. App. 4 Cir. 9/25/19), 281 So.3d 813, 819 (quoting *Ocwen Loan Servicing, LLC v. Porter*, 18-0187, p. 3 (La. App. 4 Cir. 5/23/18), 248 So.3d 491, 495).

## DISCUSSION

In its appeal to this Court, UNO proffers two assignments of error: (1) the district court erred in granting Lexington's peremptory exception of no cause of action; and (2) the district court erred in denying UNO any opportunity to amend its breach of insurance contract claim. Because we conclude that the district court

6

erred in maintaining Lexington's exception, we pretermit any discussion of UNO's second assignment of error.

*Peremptory Exception of No Cause of Action*

"The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." *Id.* (quoting La. C.C.P. art. 923). "A peremptory exception of no cause of action questions whether the law extends a remedy against a defendant to anyone under the factual allegations of a petition." *Id.* (citing *Mid-S. Plumbing, LLC v. Dev. Consortium-Shelly Arms, LLC*, 12-1731, p. 4 (La. App. 4 Cir. 10/23/13), 126 So.3d 732, 736). "In other words, an exception of no cause of action tests 'the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading.'" *Id.* (quoting *Green v. Garcia-Victor*, 17-0695, p. 4 (La. App. 4 Cir. 5/16/18), 248 So.3d 449, 453.

"In deciding an exception of no cause of action a court can consider only the petition, any amendments to the petition, and any documents attached to the petition." *Green v. Garcia-Victor*, 17-0695, p. 4, 248 So.3d at 453 (quoting *2400 Canal, LLC v. Bd. of Sup'rs of Louisiana State Univ. Agric. & Mech. Coll.*, 12-0220, p. 7 (La. App. 4 Cir. 11/7/12), 105 So.3d 819, 825). As such, "[n]o evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." La C.C.P. art. 931. "A court cannot consider assertions of fact referred to by the various counsel in their briefs that are

not pled in the petition." *Green*, 17-0695, p. 5, 248 So.3d at 453 (citing *2400 Canal, LLC v. Bd. of Sup'rs of Louisiana State Univ. Agric. & Mech. Coll.*, 12-0220, p. 7 (La. App. 4 Cir. 11/7/12), 105 So.3d 819, 825). "The grant of the exception of no cause of action is proper when, assuming all well pleaded factual allegations of the petition and any annexed documents are true, the plaintiff is not entitled to the relief he seeks as a matter of law." *Id.* "Further, 'any doubt must be resolved in the plaintiffs' favor.'" *Id.* "However, the mere conclusions of the plaintiff unsupported by facts do not set forth a cause of action." *Id.* at p. 4, 248 So.3d at 453-54 (citing *831 Bartholomew Investments–A, L.L.C. v. Margulis*, 08-0559, p. 10 (La. App. 4 Cir. 9/2/09), 20 So.3d 532, 538).

UNO argues that in its third-party demand against Lexington it has set forth a valid cause of action for a breach of insurance contract claim. In support of this position, UNO relies upon the License and the COI provided by OPW as a prerequisite for issuance of the License. UNO asserts that the COI was issued by Lexington and that it is the best evidence that a contractual relationship existed between the two entities at the time of Ms. Ross' injuries. Additionally, UNO points out that it objected numerous times to the inclusion of policy number 41-LX-027562703 as an attachment to Lexington's exception of no cause of action and that the inclusion of any such evidence in support of the exception is strictly prohibited by La. C.C.P. art. 931.

In response, Lexington, in both its memorandum in support of the exception and at the hearing on the matter, maintains that the COI was issued by ASCA's

8

broker, not by Lexington.[5]  Notwithstanding the issuer of the COI, Lexington cites

to *Citgo Petroleum Corp. v. Yeargin, Inc.*, 95-1574 (La. App. 3 Cir. 2/19/97) 690

So.2d 154 for the proposition that Louisiana courts have consistently held that

certificates of insurance are not part of the policy and do not modify or expand

coverage.  As in *Citgo*, Lexington points out, the COI at issue here contains an

explicit disclaimer that would render ineffective any reliance upon this document

as proof of a contract.[6]

As we previously noted, for the purposes of considering an exception of no

cause of action this Court must accept the factual allegations contained within the

four corners of the petition[7] together with any documents annexed to that petition

to be true. As this Court noted in *Milburn v. Emanuele*, 12-0235, p.3 (La. App. 4

Cir. 6/13/12), 96 So.3d 638, 640, "[a]n exception of no cause of action is reviewed

based upon the four corners of the petition together with the attachments to the

petition." (citing *831 Bartholomew Investments–A, L.L.C. v. Margulis*, 08-0559,

pp. 9-10 (La. App. 4 Cir. 9/2/09), 20 So.3d 532, 537-38).

---

[5] The COI reflects that the producer of the certificate was insurance broker Holmes Murphy and Associates, issued from its Dallas, TX location.

[6] The disclaimer provides:

> THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE DOES NOT CONSTITUE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

[7] In this instance, UNO's third-party demand naming Lexington as a defendant is the petition at issue.

In the case *sub judice*, in its third-party demand UNO alleged that the damages sustained by Ms. Ross are covered under the License, that ACSA breached its obligations under the License and that Lexington breached its contractual obligation to provide coverage to UNO. UNO attached the License to the third-party demand, which clearly provides under clause 3 that UNO is to be named as an additional insured on the comprehensive general liability policy issued to ASCA, together with the certificate of insurance as evidence of this additional insured coverage. We find these allegations, coupled with the documents annexed to the third-party demand, are sufficient to state a valid cause of action. While we agree that the COI itself does not establish definitive coverage under the comprehensive general liability policy issued by Lexington to ASCA, the COI does indicate the potential for coverage under the terms of the actual policy. However, whether UNO was in fact named as an additional insured on the Lexington policy or whether that policy affords coverage to UNO through some other provision are matters not ripe for review by this Court.[8] This assignment of error has merit.

**CONCLUSION**

For the foregoing reasons and upon our *de novo* review, we find that the district court erred in maintaining Appellee Lexington's peremptory exception of

---

[8] As noted *supra*, Lexington attached a copy of policy number 41-LX-027562703 to its exception; however, our review is limited to the four corners of the petition and any attachments, and "[n]o evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." La C.C.P. art. 931.

no cause of action. Accordingly, the district court's judgment is reversed and remanded for further proceedings.

**REVERSED AND REMANDED**