WAKIN' BAKIN' L.L.C.,     *     NO. 2023-CA-0432
CONRAD CHURA &
CRYSTAL CHURA     *

       COURT OF APPEAL

VERSUS     *

       FOURTH CIRCUIT

JAY RABALAIS, CPA-JAY,     *
L.L.C., ACCOUNTING        STATE OF LOUISIANA
SERVICES UNLIMITED     * * * * * * *
L.L.C., ACCOUNTING
SERVICES UNLIMITED
BATON ROUGE L.L.C., ABC
INSURANCE COMPANY, XYZ
INSURANCE COMPANY

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-10024, DIVISION "L"
Honorable Kern A. Reese, Judge
* * * * * *
**Judge Karen K. Herman**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Karen K. Herman)

Michael R. Dodson
FISHMAN HAYGOOD, L.L.P.
201 St. Charles Avenue
46th Floor
New Orleans, Louisiana 70170-4600

    COUNSEL FOR PLAINTIFFS/APPELLANTS

David M. McDonald
Molly M. Jones
LAW OFFICES OF JOHN BUTLER
3939 N. Causeway Blvd., Suite 300
Metairie, Louisiana 70002

    COUNSEL FOR DEFENDANTS/APPELLEES

       **REVERSED**
       **November 15, 2023**

KKH
JCL
RML

Wakin' Bakin' L.L.C., Conrad Chura, and Crystal Chura (collectively, "plaintiffs"), appeal the May 9, 2023 judgment granting an exception of no cause of action in favor of Accounting Services Unlimited L.L.C. and Accounting Services Unlimited of Baton Rouge (collectively, "ASU"), dismissing with prejudice all claims asserted by plaintiffs against ASU.  For the reasons set forth below, we reverse.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

The Churas own and operate the Wakin' Bakin' restaurants.  On October 27, 2022, plaintiffs filed suit against ASU, Jay Rabalais, and his company, CPA-JAY, L.L.C. (collectively "Rabalais").  The petition asserts the following:

In 2013, plaintiffs contracted with ASU to provide general accounting services for the business.  Shortly thereafter, ASU began offering tax services to their customers.  Plaintiffs inquired about the new tax service and were informed that ASU had in-house certified public accountants ("CPAs") with whom ASU worked closely in providing tax services. ASU connected plaintiffs with Rabalais, who began preparing tax returns for plaintiffs in 2014.

1

Plaintiffs terminated their relationship with Rabalais in 2019. They terminated their relationship with ASU in 2020.

In 2021, Wakin' Bakin' applied for a COVID-19 Economic Injury Disaster Loan with the SBA (which required the applicant to provide its tax returns). The application was denied on August 10, 2021. Plaintiffs were first told that the loan was denied because the business did not file its 2019 tax return. However, after further communication with the IRS, plaintiffs learned for the first time on November 4, 2021, that the application was denied because the 2019 business tax return (filed on September 15, 2020 by Rabalais) had all line items for income (mistakenly/improperly) filled in with all zeros. Plaintiffs amended the 2019 return to reflect the correct amount of business income, but it was too late. The SBA fund had been exhausted. For these reasons, plaintiffs allege an economic loss.

The petition specifically pleads that: 1) ASU employed CPAs "in a fee-sharing arrangement in which an accountant performs work for clients of ASU and retains a percentage of the money paid for the tax services rendered"; 2) ASU drafted payments for Rabalais' tax services directly from plaintiffs' bank account; 3) ASU owed a duty to plaintiffs to oversee that its CPAs "were performing their job correctly, filing the appropriate tax documents, and not filing tax documents for prior clients that had terminated their relationship with one of ASU's accountants"; 4) ASU owed a duty to plaintiffs "to provide a competent reference for a [CPA] to perform tax filings"; and 5) ASU "breached this duty by providing a reference to an incompetent [CPA] that filed incorrect tax documents for [plaintiffs]."

2

In response to the petition, ASU filed an exception of prescription and an exception of no cause of action, arguing that: 1) plaintiffs' negligence claim had prescribed; and 2) plaintiffs' breach of contract claim failed to state a cause of action.[1]  Regarding the breach of contract claim, ASU advanced one argument – that plaintiffs have no breach of contract claim because plaintiffs' contract with ASU had terminated before Rabalais filed the 2019 tax return.

Plaintiffs filed an opposition to ASU's exceptions and also prayed for leave to amend their petition.  As to prescription, plaintiffs asserted that the petition was filed within one year from their discovery of the unauthorized/incorrect tax return.  As to their breach of contract claim, plaintiffs asserted that they attempted to terminate their relationship with ASU and Rabalais.  However, the unauthorized return was nevertheless filed.

The exceptions came for hearing on April 28, 2023.  Judgment was rendered May 9, 2023, sustaining ASU's exception of no cause of action, and dismissing with prejudice all claims asserted by plaintiffs against ASU.[2]

Written reasons for judgment were not provided.  However, from the bench, the trial court indicated that the exception of no cause of action (as to ASU) was granted, finding that:

> I do not view them as direct parties in interest to have any cause of action pending.  The Court views them as a conduit merely for responsibility that was delegated to the defendant, Mr. Rabalais, who in turn actually took the action that resulted in any potential damage to the plaintiff."

---

[1] Rabalais also filed exceptions of prescription and no cause of action.  Those exceptions were denied in the May 9 2023 judgment, but are not before us here.  Plaintiffs' action against Rabalais remains.

[2] It appears from the transcript that the trial court orally denied ASU's exception of prescription.  However, the judgment does not specifically reference the exception of prescription.

**LAW AND ANALYSIS**

On appeal, plaintiffs maintain that the trial court erred in: 1) *sua sponte* raising and sustaining, without notice and an opportunity for briefing, an exception of no cause of action premised on whether ASU was a mere "conduit" for Rabalais' actions; 2) finding that ASU was a mere "conduit" for Rabalais' actions and dismissing ASU with prejudice; and 3) failing to allow an opportunity to amend.

***Standard of Review***

"An exception of no cause of action presents a question of law, so an appellate court reviews a trial court's ruling on an exception of no cause of action *de novo*." *Cunningham v. City of New Orleans,* 2021-0532, p. 9 (La. App. 4 Cir. 3/30/22), 336 So.3d 977, 986. "A peremptory exception of no cause of action questions whether the law extends a remedy against a defendant to anyone under the factual allegations of a petition." *Id.* at p. 10, 336 So.3d at 986 (citations omitted).

Regarding the first two assignments of error, plaintiffs argue that the issue of whether ASU was only a "conduit" for Rabalais' misconduct was neither raised in ASU's exception nor briefed by the parties. Thus, plaintiffs maintain that the trial court improperly raised and sustained an exception of no cause of action *ex proprio motu* without any prior notice or meaningful opportunity to be heard on the issue. We find no merit in this argument.

It is well-settled that the trial court can *sua sponte* raise its own exception of no cause of action. *See Moreno v. Entergy Corp.*, 2010-2268, p. 3 (La. 2/18/11), 64 So.3d 761, 762; and La. C.C.P. art. 927(B). Moreover, as we stated in *Fertitta*

4

*v. Regions Bank*, 2020-0300, p. 6 (La. App. 4 Cir. 12/9/20), 311 So.3d 445, 450-51,

> "A peremptory exception of no cause of action questions whether the law extends a remedy against a defendant to anyone under the factual allegations of a petition." *White v. New Orleans Ctr. for Creative Arts*, 2019-0213, p. 7 (La. App. 4 Cir. 9/25/19), 281 So.3d 813, 819. The exception tests "the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading." *Green v. Garcia-Victor,* 2017-0695, p. 4 (La. App. 4 Cir. 5/16/18), 248 So.3d 449, 453 (quoting *Moreno v. Entergy Corp.*, 2010-2281, p. 3 (La. 2/18/11), 62 So.3d 704, 706).

> "In deciding an exception of no cause of action a court can consider only the petition, any amendments to the petition, and any documents attached to the petition." *Green*, 2017-0695, p. 5, 248 So.3d at 453 (quoting *2400 Canal, LLC v. Bd. of Sup'rs of Louisiana State Univ. Agr. & Mech. Coll.*, 2012-0220, p. 7 (La. App. 4 Cir. 11/7/12), 105 So.3d 819, 825). "A court cannot consider assertions of fact referred to by the various counsel in their briefs that are not pled in the petition." *Id*. "The grant of the exception of no cause of action is proper when, assuming all well pleaded factual allegations of the petition and any annexed documents are true, the plaintiff is not entitled to the relief he seeks as a matter of law." *Id*. "[A]ny doubt must be resolved in the plaintiffs' favor." *Id*. Nevertheless, the mere conclusions of the plaintiff which are unsupported by facts do not set forth a cause of action. *Green*, 2017-0695, p. 5, 248 So.3d at 453-54 (citing *831 Bartholomew Investments-A, L.L.C. v. Margulis*, 2008-0559, p. 10 (La. App. 4 Cir. 9/2/09), 20 So.3d 532, 538).

"The essential elements of a breach of contract claim are the existence of a contract, the party's breach thereof, and resulting damages." *1100 South Jefferson Davis Parkway, LLC v. Williams*, 2014-1326, p. 5 (La. App. 4 Cir. 5/20/15), 165 So.3d 1211, 1216 (citing *Favrot v. Favrot*, 2010-0986, pp. 14-15 (La. App. 4 Cir. 2/9/11), 68 So.3d 1099, 1108-09).

Pursuant to our *de novo* review of the pleadings, and applying the legal principles set forth above, we conclude that the petition sufficiently alleges a cause of action for breach of contract. Accordingly, we find that the trial court erred in granting ASU's exception of no cause of action.

5

**CONCLUSION**

For the foregoing reasons, the judgment granting ASU's exception of no cause of action is reversed.

**REVERSED**