902 So.2d 1109 (2005)
James J. DERBES and Bonnie B. Derbes
v.
GBS PROPERTIES, LLC d/b/a Prudential Gardner Real Estate.
No. 04-CA-1460.
Court of Appeal of Louisiana, Fifth Circuit.
April 26, 2005.
*1110 Bradford R. Roberts, II, New Orleans, LA, for Appellees, James J. Derbes And Bonnie D. Derbes.
Jack A. Ricci, Gary J. Giepert, New Orleans, LA, for Appellant, GBS Properties, L.L.C. d/b/a Prudential Gardner Realtors.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY, and SUSAN M. CHEHARDY.
SUSAN M. CHEHARDY, Judge.
This case arises from a dispute over earnest money deposited by prospective buyers, James and Bonnie Derbes, with the sellers' realtor, GBS Properties, L.L.C. d/b/a Prudential Gardner Realtors("GBS"). After trial, the trial judge found in favor of the Derbes. For the following reasons, we affirm the trial court judgment.

Facts and Procedural History
On May 31, 2003, James and Bonnie Derbes offered to purchase property located at 255 Evangeline Drive in Mandeville, Louisiana, from Greg and Terri Courtney. Pursuant to the agreement, the Derbes deposited $3,000.00 with the Courtneys' realtor, GBS.
According to evidence submitted at trial, the purchasers failed to provide a commitment letter to the sellers by June 23, 2003. On or about July 1, 2003, the sellers' agent contacted the prospective purchasers' agent to discuss cancelling the purchase agreement. GBS, the sellers' agent, provided a document entitled, "Cancellation of Agreement to Purchase," which reads, in pertinent part:
It is hereby agreed and understood that Greg and Terri Courtney as SELLER(S), and Jim and Bonnie Derbes, as PURCHASER(S) do mutually cancel and nullify the "Agreement to Purchase or Sell" dated 31 May 2003 on the property located at 255 Evangeline Drive (City) Mandeville, (State) LA.
The undersigned parties do hereby authorize Prudential Gardner (listing broker) to return the PURCHASER'S deposit, in full, amounting to $ 3,000 cash and/or $ N/A ____ demand note upon receipt of this instrument fully executed by all parties. Check to be made payable to:
Greg and Terri Courtney __________.
This document was signed by the sellers, Greg and Terri Courtney, and their listing agent on July 2, 2003. The document was signed by the prospective purchasers, Jim and Bonnie Derbes, on July 3, 2003. Their agent, Sissy Woods, also signed the cancellation agreement. GBS thereafter not only refused to return the Derbes' $3,000.00 deposit, but also, by its own admission, presented the money to the sellers.
On October 10, 2003, the Derbes filed suit for breach of contract seeking return of their deposit with legal interest and *1111 costs. On January 14, 2004, the trial judge found in favor of the Derbes and against GBS. The trial judge found that the document, drafted by GBS, which stated "to return the purchaser's deposit" but indicated the check should be payable to the sellers, was "patently ambiguous." The trial judge then "considered other circumstances surrounding the execution of this contract" and determined that the purchasers did not intend to forfeit their deposit. Finally, the trial judge found that the ambiguity was caused by the document's drafter, GBS, and, thus, construed against GBS. The trial judge awarded the Derbes their full deposit, interest and court costs. GBS appeals that ruling.
On appeal, GBS asserts two assignments of error: the trial court was incorrect in its judgment that the $3,000.00 escrow money deposited by the appellees with GBS Properties, L.L.C. should have been given to the appellees and not to the sellers, Mr. and Mrs. Courtney, as per the terms of the Cancellation of Purchase Agreement and the trial court was incorrect, as a matter of law, in finding that the Cancellation of Purchase Agreement executed by the Appellees was ambiguous.
In its first assignment of error, GBS asserts that the trial court premised its erroneous judgment on the Derbes' argument that their consent to the cancellation agreement was vitiated by error. We disagree. In its argument, GBS misconstrues the trial judge's findings in this case. The trial judge did not find that the contract was null based on lack of consent; rather, the trial judge found that the document was ambiguous then relied on parol evidence to discern the intent of the parties. GBS cites Morin v. Foret, 98-0120 (La.App. 3 Cir. 4/14/99), 736 So.2d 279, in support of their contention that the trial court's ruling was erroneous. A careful reading of Morin reveals, however, that our brethren on the Third Circuit affirmed the trial court judgment, where the trial judge relied on parol evidence to ascertain the parties' intent.
In its second assignment of error, GBS argues that the trial court erred, as a matter of law, in finding that the contract was ambiguous. GBS contends that the agreement signed by the parties "stated unequivocally and unambiguously that the $3,000 was to be given to the sellers, the Courtneys."
In Kappa Loyal, L.L.C. v. Plaisance Dragline & Dredging Co., Inc., 03-124 (La.App. 5 Cir. 6/19/03), 848 So.2d 765, *769, this Court summed up the law on interpretation of contracts:
We are obligated to give legal effect to contracts according to the true intent of the parties. La. C.C. art.2045. The true intent of the parties to a contract is to be determined by the words of the contract when they are clear, explicit, and lead to no absurd consequences. La. C.C. art.2046. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art.2046. In such cases, the meaning and intent of the parties to the written contract must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence. La. C.C. art. 1848. Contracts, subject to interpretation from the instrument's four corners without the necessity of extrinsic evidence, are to be interpreted as a matter of law, and the use of extrinsic evidence is proper only where a contract is ambiguous after an examination of the four corners of the agreement. In cases in which the contract is ambiguous, the agreement shall be construed according to the intent of the parties. *1112 Intent is an issue of fact which is to be inferred from all of the surrounding circumstances. A doubtful provision must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and other contracts of a like nature between the same parties. La. C.C. art.2053. Whether a contract is ambiguous or not is a question of law. Where factual findings are pertinent to the interpretation of a contract, those factual findings are not to be disturbed unless manifest error is shown. (Citations omitted).
Furthermore, "In case of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the party who furnished its text. A contract executed in a standard form of one party must be interpreted, in case of doubt, in favor of the other party." La. C.C. art. 2056.
In this case, the contract read that GBS was authorized by the parties to "return the PURCHASER'S deposit, in full, amounting to $3,000 cash ... upon receipt of this instrument fully executed by all parties. Check to be made payable to: Greg and Terri Courtney __________________." Clearly, the words of the contract lead to an absurd consequence in this case because the contract reflects that the Derbes' deposit was to be returned to them, in full, in a check made out to the Courtneys. Accordingly, we find no error in the trial court's finding, as a matter of law, that the contract was ambiguous.
Further, the trial court properly accepted extrinsic evidence in its attempt to determine the intent of the parties. At trial, James Derbes testified that the sellers approached the Derbes asking them to cancel the purchase agreement so another buyer could purchase the seller's property. The sellers did not refute this testimony at trial. Importantly, the trial judge noted that, if the Derbes had intended to forfeit their deposit when they cancelled their purchase agreement, the contract at issue would have been wholly unnecessary. The trial judge also noted that GBS furnished the ambiguous document, which appeared to be a standard form use by GBS, and, thus, the ambiguity must be construed in favor of the other party, the Derbes. We see no error in the trial court's findings.
For the foregoing reasons, we affirm the trial court's judgment. All costs of this appeal are taxed against appellant, GBS.
AFFIRMED.