VINCENT FERTITTA     *     NO. 2020-CA-0300

VERSUS     *

    COURT OF APPEAL

REGIONS BANK     *

    FOURTH CIRCUIT

    *

    STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-04035, DIVISION "I-14"
Honorable Piper D. Griffin, Judge
* * * * * *
**Judge Dale N. Atkins**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Paula A. Brown, Judge Dale N. Atkins)

**BELSOME, J., CONCURS IN THE RESULT**

John Armand Venezia
Julie O'Shesky
VENEZIA & ASSOCIATES, APLC
757 St. Charles Avenue
Suite 302
New Orleans, LA 70130

Cesar Roberto Burgos
Robert J. Daigre
BURGOS & ASSOCIATES, LLC
3535 Canal Street
New Orleans, LA 70119

    COUNSEL FOR PLAINTIFF/APPELLANT

Thomas Richard Temple, Jr.
Carroll Devillier, Jr.
Michael Roy Hubbell
Kelsey A. Clark
BREAZEALE, SACHSE & WILSON, LLP
301 Main Street, Suite 2300
Post Office Box 3197
Baton Rouge, LA 70821-3197

    COUNSEL FOR DEFENDANT/APPELLEE

This is a commercial lease dispute. Appellant-Lessor, Vincent Fertitta, ("Mr. Fertitta") appeals the trial court's July 31, 2019 judgment, which awarded him the cost of removal of certain approved constructions made on his immovable property by Appellee-Lessee Regions Bank ("Regions"), but which denied Mr. Fertitta's claims for lost rent and the cost of returning the property to its pre-lease condition. Regions answered the appeal, seeking reversal of the trial court's judgment granting Mr. Fertitta the cost of removal of the constructions. Regions also seeks reversal of the trial court's interlocutory judgments, which denied its peremptory exception of no cause of action and motion for summary judgment. For the following reasons, we affirm the trial court's July 31, 2019 judgment and its June 18, 2019 judgments, denying Regions' peremptory exception of no cause of action and motion for summary judgment.

## FACTUAL AND PROCEDURAL HISTORY

Mr. Fertitta owns property at 2158, 2158½, 2454, and 2454½ Foy Street (the "Property") in New Orleans. Prior to 1995, Regions had a bank branch that was adjacent to the Property. On July 19, 1995, Mr. Fertitta and Regions entered into a written lease (the "Lease"), whereby Regions would rent the Property for use as a

parking lot and drive-thru for the bank. At the time the Lease was executed, the Property had four structures as well as landscaping on it. The terms of the Lease allowed Regions to demolish the pre-existing structures, build a drive-thru, and add new landscaping. Specifically, Paragraph 19 of the Lease provided the following related to the "improvements" on the Property:

Removal of Improvements

Notwithstanding anything to the contrary contained herein, 60 days prior to the expiration or termination of this lease for whatever reason, Lessor at Lessor's option may require Lessee, at no cost to Lessor, to either abandon and deliver to Lessor all improvements on the Leased Premises existing at the termination of the lease at no cost to Lessor, (sic)

During the terms of the Lease and with Mr. Fertitta's knowledge and consent, Regions demolished all of the structures on the Property and built a concrete drive-thru so its customers could access a drive-up window. The original term of the Lease was for fifteen years. The parties mutually agreed to extend the Lease beyond its original terms. On February 18, 2016, Regions wrote a letter to Mr. Fertitta notifying him of Regions' intention to terminate the Lease effective April 30, 2016. When the Lease terminated, Regions closed off the drive-thru and stopped using it, but did not remove it or the landscaping, nor did Regions rebuild the structures that were on the Property prior to the Lease. Regions also constructed a fence between its property and Mr. Fertitta's, which Mr. Fertitta alleged encroached on the Property.

On August 8, 2016, Mr. Fertitta's attorney wrote to Regions, demanding the removal of all constructions Regions made on the Property and the restoration of the Property to its pre-lease condition, including returning the pre-existing buildings. On September 19, 2016, Regions responded, refusing to remove the

2

drive-thru or fence and denying that it had any obligation to remove the drive-thru or restore the Property to its pre-lease condition.

After Regions' refusal to remove the drive-thru, on April 28, 2017, Mr. Fertitta filed a Petition for Damages and Possession (the "Petition") against Regions, alleging that he suffered damages in the form of lost rental income and loss of use of the Property. He demanded: (1) payment for the cost of removal of the concrete drive-thru; (2) payment for the cost to rebuild the four structures that were demolished in accordance with the Lease; and (3) payment for lost rent from the end of the Lease through the amount of time it would take for the drive-thru to be removed and the structures to be rebuilt, which Mr. Fertitta alleged totaled 48 months. Mr. Fertitta sought a total award of $1,426,692.38. Mr. Fertitta also prayed that he be awarded attorney's fees for bringing the instant action in accordance with the Lease and that the trial court award him costs of removing the fence that encroached on the Property.

In response, on June 23, 2017, Regions filed an Answer to the Petition, generally denying that Mr. Fertitta was entitled to the relief he sought. On April 22 and May 2, 2019, respectively, Regions filed a motion for summary judgment and a peremptory exception of no cause of action. After Mr. Fertitta filed oppositions to the motion for summary judgment and the peremptory exception of no cause of action, the trial court heard the matters on May 24, 2019. On June 18, 2019, the trial court denied both the motion for summary judgment and the peremptory exception of no cause of action.

The matter proceeded to bench trial on June 24, 2019. At the close of trial, the trial court took the matter under advisement. On July 31, 2019, after the parties filed post-trial memoranda, the trial court rendered judgment. The trial court found

3

that the provision in the Lease that addressed the parties' rights and obligations relative to "improvements" to the Property was ambiguous and, as such, the suppletive law or "default" rules regarding the drive-thru and parking lot should apply. The trial court found that the drive-thru and parking lot are component parts because they had been incorporated into the Property, such as to become an integral part of it. Applying La. C.C. art. 495, the trial court awarded Mr. Fertitta $43,000 in costs to remove the drive-thru and parking lot at Regions' expense. The trial court denied Mr. Fertitta's other claims for lost rent and the cost of returning the Property to its pre-lease condition.

On August 9, 2019, Mr. Fertitta timely moved for a new trial, arguing that the trial court erred in failing to award lost rent, judicial interest, and court costs in its July 31, 2019 judgment. On November 8, 2019, the trial court amended its July 31, 2019 judgment to award Mr. Fertitta judicial interest and costs, but again denied his claim for lost rent.

From this judgment, Mr. Fertitta's timely appeal follows. Answering the appeal, Regions requests reversal of the trial court's award for the costs of removing the drive-thru and parking lot, as well as reversal of the trial court's denial of Regions' peremptory exception of no cause of action and motion for summary judgment.

## DISCUSSION

On appeal, Mr. Fertitta maintains that the trial court correctly found that the Lease was ambiguous and properly applied the suppletive law in awarding him the costs of removing the drive-thru. Mr. Fertitta argues, however, that the trial court erred in failing to award him lost rental income and the cost of restoring the Property to its pre-lease condition, including rebuilding the structures that existed

4

on the Property. Answering the appeal, Regions counters that the trial court erred in denying its exception of no cause of action because Mr. Fertitta failed to state a cause of action under current law. Regions further contends that the trial court erred in denying its motion for summary judgment because the Lease was unambiguous in its provision that Mr. Fertitta's only available relief was to keep the drive-thru at no cost. Separately, Regions contends that the trial court erred in awarding Mr. Fertitta the cost of removing the drive-thru.

If we determine that the issues raised in Regions' answer have merit, the assignments of error raised in Mr. Fertitta's appeal are rendered moot. Accordingly, we address Regions' assignments of error regarding the trial court's rulings on Regions' exception of no cause of action and motion for summary judgment first.

We review these rulings as interlocutory judgments, which are judgments on preliminary matters in the course of an action and which do not determine the merits of the action. *See* La. C.C.P. art. 1841; *Maqubool v. Sewerage and Water Board of New Orleans*, 2018-0572, p. 3 (La. App. 4 Cir. 11/14/18), 259 So.3d 630, 632. "An appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to them, in addition to the review of the final judgment when an unrestricted appeal is taken." *Id.*, 2018-0572, p. 3, 259 So.3d at 632-33 (quoting *Orleans Par. Sch. Bd. v. Lexington Ins. Co.*, 2011-1720, p. 10 (La. App. 4 Cir. 8/22/12), 99 So.3d 723, 729).

### Exception of No Cause of Action

Regions argues that the trial court should have granted its peremptory exception of no cause of action because Mr. Fertitta did not and could not state a cause of action for having the improvements removed and the Property restored.

5

Regions reasons that Mr. Fertitta based his claims on La. C.C. art. 2695, which provides that, "in the absence of a contrary agreement" a lessor can demand that a lessee remove improvements to a leased thing and restore it to its former condition. Regions argues that La. C.C. art. 2695 does not apply to this case because it can only apply if the Lease was silent on the issue of improvements. Regions further contends that the Lease contains a provision on improvements—a contrary agreement—and thus, La. C.C. art. 2695 does not apply. Additionally, Regions argues that, even if there was no contrary agreement, La. C.C. art. 2695 was not enacted at the time the Lease was executed and thus, cannot be applied to this matter.

An exception of no cause of action is raised by peremptory exception. "The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art. 923.

"A peremptory exception of no cause of action questions whether the law extends a remedy against a defendant to anyone under the factual allegations of a petition." *White v. New Orleans Ctr. for Creative Arts*, 2019-0213, p. 7 (La. App. 4 Cir. 9/25/19), 281 So.3d 813, 819, *writ denied*, 2019-01725 (La. 12/20/19), 286 So.3d 428 (citing *Mid-S. Plumbing, LLC v. Dev. Consortium-Shelly Arms, LLC*, 2012-1731, p. 4 (La. App. 4 Cir. 10/23/13), 126 So.3d 732, 736). The exception tests "the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading." *Green v. Garcia-Victor*, 2017-0695, p. 4 (La. App. 4 Cir. 5/16/18), 248 So.3d 449, 453 (quoting *Moreno v. Entergy Corp.*, 2010-2281, p. 3 (La. 2/18/11), 62 So.3d 704, 706).

"In deciding an exception of no cause of action a court can consider only the petition, any amendments to the petition, and any documents attached to the petition." *Green*, 2017-0695, p. 5, 248 So.3d at 453 (quoting *2400 Canal, LLC v. Bd. of Sup'rs of Louisiana State Univ. Agr. & Mech. Coll.*, 2012-0220, p. 7 (La. App. 4 Cir. 11/7/12), 105 So.3d 819, 825). "A court cannot consider assertions of fact referred to by the various counsel in their briefs that are not pled in the petition." *Id.* "The grant of the exception of no cause of action is proper when, assuming all well pleaded factual allegations of the petition and any annexed documents are true, the plaintiff is not entitled to the relief he seeks as a matter of law." *Id.* "[A]ny doubt must be resolved in the plaintiffs' favor." *Id.* Nevertheless, the mere conclusions of the plaintiff which are unsupported by facts do not set forth a cause of action. *Green*, 2017-0695, p. 5, 248 So.3d at 453-54 (citing *831 Bartholomew Investments-A, L.L.C. v. Margulis*, 2008-0559, p. 10 (La. App. 4 Cir. 9/2/09), 20 So.3d 532, 538).

The peremptory exception of no cause of action raises a question of law; thus, the appellate court reviews the trial court's ruling *de novo*. *Ocwen Loan Servicing, LLC v. Porter*, 2018-0187, p. 3 (La. App. 4 Cir. 5/23/18), 248 So.3d 491, 495.

In the instant matter, Mr. Fertitta asserted the following facts in the Petition: (1) that the parties entered into the Lease on July 10, 1995; (2) that the Lease allowed Regions to demolish the pre-existing structures on the Property and construct a drive-thru; (3) that Regions in fact demolished the pre-existing structures and built a drive-thru on the Property; (4) that the parties mutually agreed to exercise the option to extend the Lease, and it ultimately terminated on April 30, 2016; (5) that Regions did not remove its constructions or restore the

Property to its original condition, despite Mr. Fertitta's demands; (6) that there was no agreement in the Lease that allowed Regions to abandon the constructions without removing them or restoring the Property; and (7) that Mr. Fertitta has no use for the drive-thru as it prevents him from using or leasing the Property to someone else. Mr. Fertitta cited the law in La. C.C. art. 2695, which provided that, "[i]n the absence of a contrary agreement," the Lessee, Regions, was obligated to remove its improvements after the Lessor, Mr. Fertitta, "demand[ed] that the lessee remove the improvements within a reasonable time and restore the leased thing to its former condition." Mr. Fertitta attached the Lease to the Petition.

Mr. Fertitta stated a valid cause of action in the Petition. This Court is tasked with looking at the factual allegations in the Petition—rather than the references to the law—to determine if the law extends any remedy to Mr. Fertitta based on the facts pled. A review of the Louisiana Civil Code, specifically La. C.C. art. 495, shows that Mr. Fertitta has stated a cause of action under the facts he pled, even if he may not have specifically referenced that article or if that article provides him with the remedy he seeks. La. C.C. art. 495 addresses the remedies available to the owner of immovable property, including rights of ownership and removal of component parts that were made by someone other than the owner, as well as liability for costs of removal and of restoring the Property. That Mr. Fertitta did not specifically reference this provision or other provisions which may afford him a remedy under these facts is not fatal. Therefore, we affirm the trial court's denial of Regions' peremptory exception of no cause of action.

***Motion for Summary Judgment***

Next, we address Regions' assignment of error regarding the trial court's denial of its motion for summary judgment. Regions argues that the Lease is

8

unambiguous regarding the parties' rights and obligations related to the drive-thru. Accordingly, Regions argues the trial court should have granted the motion for summary judgment because the Lease clearly provided that Mr. Fertitta was only entitled to keep the drive-thru at no cost, and under the Lease, Mr. Fertitta is not entitled to any additional relief. Alternatively, Regions argues that, even if the Lease is ambiguous, the suppletive law and jurisprudence do not offer the remedies Mr. Fertitta seeks, and Mr. Fertitta could not meet his burden of proof at trial.

Summary judgment is favored in Louisiana. It is designed to "secure the just, speedy, and inexpensive determination of every action." La. C.C.P. art. 966(A)(2). La. C.C.P. art. 966(A)(3) provides that "[a]fter an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." The burden of proof remains with the mover, but if the mover does not bear the burden of proof at trial on the issue before the court in the motion for summary judgment, the mover is not required to "negate all essential elements of the adverse party's claim, action or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La. C.C. P. art. 966(D)(1). Therefore, "the burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id*.

Appellate courts review judgments granting or denying motions for summary judgment *de novo* using the same criteria district courts consider when determining if summary judgment is proper. *Madere v. Collins*, 2017-0723, p. 6 (La. App. 4 Cir. 3/28/18), 241 So.3d 1143, 1147, *writ denied*, 2018-0678 (La.

9

9/14/18), 252 So.3d 478 (citing *Kennedy v. Sheriff of E. Baton Rouge*, 2005-1418, p. 25 (La. 7/10/06), 935 So.2d 669, 686).

We begin review of the denial of the motion for summary judgment with a discussion of the Lease as Regions' arguments on summary judgment turn on whether the Lease is ambiguous.

Interpretation of a contract is the determination of the common intent of the parties. La. C.C. art. 2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art. 2046. Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. La. C.C. art. 2050.

"Generally, a contract, subject to interpretation on the four corners of the instrument without the necessity of extrinsic evidence, is interpreted as a matter of law." *New Orleans Jazz & Heritage Found., Inc. v. Kirksey*, 2009-1433, p. 9 (La. App. 4 Cir. 5/26/10), 40 So.3d 394, 401 (citing *Bartlett Constr. Co., Inc. v. St. Bernard Parish Council*, 1999-1186, p. 6 (La. App. 4 Cir. 5/31/00), 763 So.2d 94, 98). Appellate courts apply the following standard of review regarding contract interpretations:

> Where factual findings are pertinent to the interpretation of a contract, those factual findings are not to be disturbed unless manifest error is shown. However, when appellate review is not premised upon any factual findings made at the trial level, but is, instead, based upon an independent review and examination of the contract on its face, the manifest error rule does not apply. In such cases, appellate review of questions of law is whether the trial court was legally correct or legally incorrect.

*Clinkscales v. Columns Rehabilitation and Retirement Ctr*., 2008-1312, p. 3 (La. App. 3 Cir. 4/01/09), 6 So.3d 1033, 1035-36.

10

"If, after examining the four corners of a contract, the contract is ambiguous, the agreement shall be construed according to the intent of the parties, which is to be inferred from all of the surrounding circumstances." *Kirksey*, 2009-1433, p. 10 (La. App. 4 Cir. 5/26/10), 40 So.3d at 401-02 (citing *Derbes v. GBS Properties*, 2004-1460, p. 5 (La. App. 5 Cir. 4/26/05), 902 So.2d 1109, 1111). Whether a contract is ambiguous is an issue of law subject to *de novo* review on appeal. *French Quarter Realty v. Gambel*, 2005-0933, p. 3 (La. App. 4 Cir. 12/28/05), 921 So.2d 1025, 1027 (quoting *Orleans Par. Sch. Bd. v. City of New Orleans*, 1996-2664, p. 4 (La. App. 4 Cir. 9/3/97), 700 So.2d 870, 873).

The record does not support Regions' argument that the Lease is unambiguous regarding the parties' rights and obligations relative to the drive-thru. Review of the text of the provision itself shows that the provision addressing the "Removal of Improvements" is incomplete, as the provision ends with a comma rather than a period. Additionally, by its plain language, Mr. Fertitta has an "option" when it comes to the drive-thru, but the provision only provided one choice without indicating what should happen if Mr. Fertitta declines to make that choice. The record contains no indication of whether the omission was purposeful or inadvertent. Based on a *de novo* review, the Lease is ambiguous regarding the drive-thru.

We have previously held that "when a contract is determined to be ambiguous, an issue of material fact exists, and the matter is not ripe for summary judgment." *Johnson v. Orleans Par. Sch. Bd.*, 2010-1388, p. 11 (La. App. 4 Cir. 12/20/11), 80 So.3d 1175, 1183 (additional citations omitted). Therefore, the trial court properly denied the motion for summary judgment on the basis that the Lease is ambiguous regarding the parties' intent on the constructions Regions made on

11

the Property. Accordingly, the trial court's denial of the motion for summary judgment is affirmed.

***Trial Court's Judgment Awarding Cost of Removing the Drive-thru***

Having decided that the trial court properly denied Regions' peremptory exception of no cause of action and motion for summary judgment, we now turn to the trial court's judgment awarding Mr. Fertitta $43,000 for the cost of the removal of the drive-thru. Mr. Fertitta argues the trial court properly awarded him the cost of removing the drive-thru, but erred in failing to award him the costs of restoring the Property to its pre-lease condition, including rebuilding the structures that were demolished when the Lease was executed. Mr. Fertitta further argues the trial court erred in failing to award him lost rental income because the drive-thru has prevented him from re-leasing the Property. Conversely, Regions argues the trial court erred in finding it had any obligation to remove the drive-thru and awarding the cost of the removal to Mr. Fertitta.

"Appellate courts review the trial court's factual findings with the manifest error/clearly wrong standard of review." *Gordon v. Gordon*, 2016-0008, p. 2 (La. App. 4 Cir. 6/8/16), 195 So.3d 687, 688 (citing *Hall v. Folger Coffee Co.*, 2003-1734, p. 9 (La. 4/14/04), 874 So.2d 90, 98). "This precludes the setting aside of a district court's finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety." *Id.*, 2016-0008, p. 2, 195 So.3d at 688-689. "[A] reviewing court may not merely decide if it would have found the facts of the case differently." *Hall*, 2003-1734, p. 9, 874 So.2d at 98. "Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony."

*Stobart v. State through Dep't of Transp. & Dev.*, 617 So.2d 880, 882 (La. 1993) (citations omitted).

"The manifest error standard of review also applies to mixed questions of law and fact." *A.S. v. D.S.*, 2014-1098, p. 10 (La. App. 4 Cir. 4/8/15), 165 So.3d 247, 254. Legal issues are reviewed under the *de novo* standard of review. *Harper v. State ex rel. Its Dep't of Health & Hosps.*, 2014-0110, p. 7 (La. App. 4 Cir. 9/9/15), 176 So.3d 479, 486.

As discussed above, this Court determined after *de novo* review that the Lease is ambiguous regarding the parties' intent on the fate of the drive-thru. Therefore, this Court must consider if the suppletive law applies, and if so, which suppletive law.

"[I]f the statute is merely directory or contains a proviso such as 'unless otherwise stipulated' or 'except as otherwise provided,' it states a suppletive rule of law that may be superseded by conventional agreement." *Taranto v. Louisiana Citizens Prop. Ins. Corp.*, 2010-0105, p. 17 (La. 3/15/11), 62 So.3d 721, 733 (quoting *E.L. Burns Co., Inc. v. Cashio*, 302 So.2d 297, 301 (La. 1974)). Similarly, La. C.C. art. 2054 provides:

> When the parties made no provision for a particular situation, it must be assumed that they intended to bind themselves not only to the express provisions of the contract, but also to whatever the law, equity, or usage regards as implied in a contract of that kind or necessary for the contract to achieve its purpose.

The Lease is ambiguous on the parties' rights and obligations related to the drive-thru and/or the restoration of the Property to its former condition and, thus, provides no superseding conventional agreement. Whether the trial court properly awarded the costs of removing the drive-thru to Mr. Fertitta turns on the

classification of the drive-thru and the rights and obligations provided to Mr. Fertitta and Regions as Lessor and Lessee in the suppletive law.

Classification of the drive-thru is a mixed question of law and fact, and the manifest error standard of review is applied. *See A.S. v. D.S.*, *supra*. The trial court had to make findings of fact regarding the physical characteristics of the drive-thru, *i.e.* whether its physical characteristics render it an improvement in the law under La. C.C. art. 493 or if it is a component part under La. C.C. 465.

La. C.C. art. 493 provides that improvements are "[b]uildings, other constructions permanently attached to the ground, and plantings made on the land of another…"

Conversely, La. C.C. art. 465 provides that "[t]hings incorporated into a tract of land, a building, or other construction, so as to become an integral part of it, such as building materials, are its component parts." Comment (C) to La C.C. art. 465 clarifies that "[i]ncorporation is a question of fact to be determined by the trier of facts. It may be regarded as established when movables lose their identity or become an integral part of the immovable."

In discussing the meaning of La. C.C. art. 465, the Louisiana Supreme Court held:

> While the article does not specifically define what is meant by the term "incorporated," it does provide an example of the type of items-building materials-that may be incorporated into an immovable so as to become an "integral part" of it. Enumerated items are a guidepost for determining what non-enumerated items are to be included in the meaning of a phrase. *See Cox Cable New Orleans, Inc. v. City of New Orleans*, 624 So.2d 890, 894 (La. 1993) *citing Rollins Environmental Services of Louisiana, Inc. v. Iberville Parish Police Jury*, 371 So.2d 1127 (La. 1979) ("[T]he meaning of words or phrases may be ascertained by the words or phrases with which they are associated. Words of general meaning should be applied only to such classes of things of the same general kind as those specifically mentioned."). A general characteristic of building materials (the most common

14

examples that come to mind are bricks, nails, sheet rock, and roofing tiles) is that once placed in a building, they lose their identity as separate things and become merged in the building to the extent that they become a part of it. Consequently, it can be argued that **the test for determining whether an item has become a component part of an immovable by incorporation is whether it has lost its identity as a movable and become a part of the immovable.** (Emphasis added).

*Willis-Knighton Med. Ctr. v. Caddo Shreveport Sales & Use Tax Comm'n*, 2004-0473, pp. 31-32 (La. 4/1/05), 903 So.2d 1071, 1090-91.

The trial court found that the drive-thru was a component part of the Property. Based on the record before us, we cannot say that this finding is manifestly erroneous. There was ample testimony at trial that Regions constructed the drive-thru on the Property with concrete and used the structure as a drive-thru for its bank customers. Once the concrete was poured and set on the Property, it lost its individual characteristics as a movable and became merged into the land, as it cannot be removed without extensive effort and without the breaking of the concrete. There was also testimony on the cost of the drive-thru's removal being significant at $43,000. The record supports the trial court's factual finding that the drive-thru was "incorporated into" the land such as to become its component part.

In finding that the drive-thru was a component part, the trial court applied La. C.C. art. 495. La. C.C. art. 495 provides:

> One who incorporates in, or attaches to, the immovable of another, with his consent, things that become component parts of the immovable under Articles 465 and 466, may, in the absence of other provisions of law or juridical acts, remove them subject to his obligation of restoring the property to its former condition.
>
> If he does not remove them after demand, the owner of the immovable may have them removed at the expense of the person who made them or elect to keep them and pay, at his option, the current value of the materials and of the workmanship or the enhanced value of the immovable.

Regions argues that the trial court's application of La. C.C. art. 495 after finding that the drive-thru is a component part under La. C.C. art. 465 is erroneous because comment (C) to La. C.C. art. 495 provides the following:

> This provision applies to things that become component parts of an immovable under Articles 465 and 466, *supra*. **It does not apply to buildings, other constructions permanently attached to the ground, standing timber, and unharvested crops or ungathered fruits of trees, dealt with in Articles 491**, *supra*. Buildings, other constructions permanently attached to the ground, standing timber, and unharvested crops or ungathered fruits of trees are not component parts of a tract of land when they belong to a person other than the owner of the ground. (Emphasis added).

Regions states this comment stands for the proposition that component parts cannot be owned by a party who is not the owner of the ground. Thus, Regions argues, because the drive-thru is owned by Regions and the ground is owned by Mr. Fertitta, the drive-thru cannot be classified as a component part. This reading of the comment is erroneous.

The comment clarifies that "[b]uildings, other constructions permanently attached to the ground, standing timber, and unharvested crops or ungathered fruits of trees" that are discussed in La. C.C. art. 491 are not component parts of a tract of land when they belong to a party other than they owner of the tract of land. The drive-thru at issue here was not classified as "building, other construction permanently attached to the ground, standing timber, unharvested crop[], or ungathered fruit[] of trees" in La. C.C. art 491, but rather a component part, or "thing[] incorporated into a tract of land…so as to become an integral part of it" under La. C.C. art. 465. It does not fall into the category of property under La. C.C. art. 491 that cannot be owned separately from the owner of the ground. This argument lacks merit.

Regions also argues that the trial court cannot find the drive-thru is a component part because the parties referred to the drive-thru as an "improvement" throughout the case. This argument is without merit. Contrary to Regions' arguments, though the parties referred to the drive-thru anecdotally as an "improvement" in the trial stipulations, they did not stipulate that the drive-thru is an "improvement" in the legal sense. How the parties referred to the drive-thru does not conclusively establish whether it is an improvement, a component part, or some other classification of property. Indeed, Regions' own expert in the drafting, reviewing, and negotiation of commercial lease agreements, Randy Opotowsky, testified at trial that the layman's term "improvement" is not the same as the legal term. Instead, the classification of the drive-thru as a component part or improvement was a question of fact to be resolved by trier of fact's determination of the level of incorporation of the drive-thru. *See* La. C.C. art. 465, Comment (C), *supra*.

Having found that the trial court properly found the drive-thru was a component part under La. C.C. art. 465 and properly applied La. C.C. art. 495 as a result, we affirm the trial court's award of the cost of removing the drive-thru. The parties do not dispute that the drive-thru was constructed with Mr. Fertitta's consent. Therefore, La. C.C. art. 495 provided Regions, the owner of the component part, with the right to remove the drive-thru subject to its obligation to restore the Property.

The parties also do not dispute that Regions declined to exercise its option of removing the drive-thru, nor do they dispute that Mr. Fertitta demanded the drive-thru's removal, and that Regions still refused. At that point, La. C.C. art. 495 provided Mr. Fertitta, the owner of the immovable, with the option to: (1) have the

component part, *i.e.* the drive-thru, removed at the expense of the party who made the drive-thru (Regions); or (2) elect to keep the drive-thru and pay, at Mr. Fertitta's option, the current value of the materials and of the workmanship used to construct the drive-thru or the enhanced value of the Property with the drive-thru on it. The record shows that Mr. Fertitta exercised the first option to have the drive-thru removed. Therefore, under La. C.C. art. 495, the trial court properly awarded Mr. Fertitta the cost of the removal of the drive-thru. The record also supports the trial court's award amount, as the record shows that Mr. Fertitta presented uncontroverted evidence at trial that it would cost $43,000 to remove the drive-thru.

The trial court also properly denied Mr. Fertitta's claims for lost rent and the cost of restoring the Property to its pre-lease condition. La. C.C. art. 495 does not provide these remedies when Mr. Fertitta exercises the option to have Regions remove the drive-thru from the Property. The Lease does not provide these remedies, either. Therefore, Mr. Fertitta is not entitled to these remedies. Additionally, as Regions pointed out, the Louisiana Supreme Court held that "a lessor may not compel a lessee to restore the leased premises to their former condition when the lessor has expressly approved the modifications that the lessee accomplished." *Terrebonne Par. Sch. Bd. v. Castex Energy, Inc.*, 2004-0968, pp. 16-17 (La. 1/19/05), 893 So.2d 789, 800. Mr. Fertitta admitted at trial that the drive-thru was constructed with his knowledge and consent. The trial court's judgment is affirmed.

## DECREE

For the foregoing reasons, we affirm the trial court's rulings on Regions' peremptory exception of no cause of action and motion for summary judgment. We

further affirm the trial court's judgment granting Mr. Fertitta the costs of removing the drive-thru and denying Mr. Fertitta's claims for lost rent and the costs of restoring the Property to its pre-lease condition.

**AFFIRMED**