RLeBLANC, J.
This suit arises out of a petition by plaintiffs, Farmco, Inc., and B.A. Beauvais (Farmco), seeking an injunction, a declaratory judgment, and damages against defendant, West Baton Rouge Parish Council, (the Council).[2] Plaintiffs seek to enjoin the Council from enforcing the West Baton Rouge Parish subdivision regulations and to have the subdivision regulations declared null and void. Defendant filed an exception raising the objection of no cause of action. After hearing oral arguments on the exception and considering briefs by the parties, the district court ruled in favor of defendant, sustaining its no cause of action exception, and dismissing plaintiffs’ petition. Farmco now appeals.
LAW
The function of an exception raising the objection of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything cm Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993). No evidence may be introduced to support or controvert the objection, and all well-pleaded allegations of fact are accepted by the court as true. La. C.C.P. art. 931. Thus, the only issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Perere v. Louisiana Television Broadcasting Corporation, 97-2873, p. 3 (La.App. 1 Cir. 11/6/98), 721 So.2d 1075, 1077. Mere conclusions of the pleader that are unsupported by facts do not set forth a cause of action, since Louisiana retains a system of fact pleading. Montalvo v. Sondes, 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131.
If the district court determines that a petition fails to state a cause of action, but the grounds of the objection can be removed by amending the petition, the judgment sustaining the exception shall order such amendment |swithin the delays allowed by the court. If, however, the grounds of the objection cannot be removed by amendment, the action shall be dismissed. La. C.C.P. art. 934; Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 96-1010, p. 5-6 (La.App. 1 Cir. 3/27/97), 691 So.2d 751, 755, writ denied, 97-1066 (La.6/13/97), 695 So.2d 982. If the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Haskins v. Clary, 346 So.2d 193,194 (La.1977).
*414 In reviewing a district court’s ruling on an exception raising the objection of no cause of action, the appellate court should conduct a de novo review Strasner v. State, 99-1099, p. 11 (La.App. 1 Cir. 6/23/00), 762 So.2d 1206, 1213. Based on our de novo review, we find no error by the district court in sustaining defendant’s exception.
DISCUSSION
Farmco’s petition alleges: 1)- after a public hearing on plaintiffs’ application to subdivide and develop a certain plot of land, approval, was denied; 2) a second application by plaintiffs was conditionally approved subject to the installation of fire hydrants and street lights; 3) defendant’s requirement of fire hydrants results in a taking of their property without payment of just compensation; 4) other than the installation of fire hydrants, plaintiffs have complied with all Council’s subdivision regulations; 5) plaintiffs were damaged by the delay in the approval of their subdivision. Plaintiffs assert the “subdivision regulations are illegal and unconditional [unconstitutional], null, void, and of no legal effect because the procedures used to adopt them violated La. Con. [sic] 1974, Art. 6, Sect. 17 and ... the uniform procedures for land use planning...” and the “Council had no lawful basis to require the fire hydrants as no valid law had been adopted requiring same.”
The Louisiana Constitution of 1974, Article VI, Section 5 provides that any local governmental subdivision may draft, adopt, or amend a home rule charter. Article IV, Section 17 gives local governments broad powers to |4adopt regulations for land use, zoning, and historic preservation. It provides, in pertinent part, “Subject to uniform procedures established by law, a local governmental subdivision may
(1) adopt regulations for land use, zoning, and historic preservation.... ”
Louisiana Revised Statute 33:103F provides:
Where a parish or municipality has adopted a charter for local self-government or other home rule charter and such charter provides for the establishment of a planning commission or otherwise provides for the functions of a planning commission to be performed by the governing authority or other board or commission, the provisions of this Sub-part concerning membership, appointment, organization, and structure shall not be applicable. In such case, any parish or municipality with a home rule charter may avail itself of the power and authority granted herein to a planning commission; however, nothing herein shall diminish any power or authority already granted by a home rule charter or other law.
Section 2-11 of the Home Rule Charter of West Baton Rouge Parish, approved by the voters on April 29, 1995 and effective January 1996, provides that the Council may adopt or modify regulations for review and approval of plats, subdivision controls or regulations, and the zoning plan, maps and regulations. See Sections 2-11(14), (15), and (16). Subdivision regulations adopted by the Council include the requirement to install fire hydrants. See Section 21 — 43(f).
In the instant ease, plaintiffs’ demands for an injunction, a declaratory judgment, and damages, as set forth in the original petition, are based upon allegations that the Council’s subdivision regulations were illegal, null and void, and that the Council had no lawful basis to require fire hydrants. Plaintiffs assert that because the adoption of the subdivision regulations was not by the “Planning Commission,” but rather was by the Council, it was without *415 effect. However, the Council’s adoption of the subdivision regulations was clearly within the law and supports the validity of the regulations. The Louisiana Constitution gives local governments broad powers to adopt regulations for land use. La. Const, art. IV, § 17. Moreover, state statutes provide that a home rule charter may avail itself of the power Land authority granted to a planning commission. La. R.S. 33:103, subd. F. Such is the case with the Council. The voters of West Baton Rouge Parish have adopted a charter for home rule, as provided by law. See La. Const.1974, art. IV, § 5. The charter provides for the functions of a planning commission to be performed by the Council, as provided by law. See La. R.S. 33:103, subd. F. Farmco’s petition merely states the legal conclusion that the Council’s adoption of the regulations violated the constitution and laws of this state. Defendant’s exception establishes that the adoption of the regulations was as provided by law. The plaintiffs have no remedy available to them; therefore, the plaintiffs do not have a cause of action.
Although Farmco argues its petition also raises additional causes of action, we find no additional allegations by plaintiffs that state a cause of action. The petition does not include any facts alleging an illegal taking or unequal protection, as argued in brief to this court.
Further, we find the district court did no err in refusing to grant plaintiffs time to amend their petition to state a cause of action. Louisiana Code of Civil Procedure article 934 directs that a judgment sustaining the peremptory exception shall permit amendment to the petition when the grounds of the objection may be removed by amendment. However, amendment is not permitted when it would constitute a vain and useless act. Whitney National Bank v. Jeffers, 573 So.2d 1262, 1265 (La.App. 4 Cir.1991). As we see no amendment that can be made that would not constitute a vain and useless act, we find no error in the district court’s dismissal of plaintiffs’ petition.
For the foregoing reasons, we affirm the decision of the district court. Farmco to bear all costs of this appeal.
AFFIRMED.

. In plaintiffs' petition, defendant was incorrectly identified as West Baton Rouge Parish Governing Council.