789 So.2d 568 (2001)
FARMCO, INC. and B.A. Beauvais
v.
WEST BATON ROUGE PARISH GOVERNING COUNCIL.
No. 2001-C-1086.
Supreme Court of Louisiana.
June 15, 2001.
*569 PER CURIAM.
Writ granted. The limited function of an exception of no cause of action is to determine whether the law provides a remedy to anyone assuming that the facts plead in the petition will be proven at trial. In making that limited determination,"all doubts are resolved in plaintiff's favor." 1 Frank L. Maraist & Harry T. Lemmon, Louisiana Civil Law Treatise: Civil Procedure § 6.7(2)(1999).
In this case, which involves a challenge to the validity of subdivision regulations, the lower courts exceeded the limited scope of an exception of no cause of action by reaching the merits. This error is evidenced by the appellate court's treatment of plaintiff's argument that defendant followed a hybrid procedure in adopting the subdivision regulations; particularly, the court of appeal stated:
Plaintiffs assert that because the adoption of the subdivision regulations was not by the "Planning Commission," but rather was by the Council, it was without effect. However, the Council's adoption of the subdivision regulations was clearly within the law and supports the validity of the regulations.
99-2837, at p. 2 (La.App. 1st Cir.12/22/00), ___ So.2d ___, ___, 2000 WL 1868376.
Accordingly, we reverse the judgments of the lower courts and remand this matter to the trial court for further proceedings.