| JUDITH GRAJALES PEREZ | * | NO. 2021-CA-0279 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| JEANE FAMILY | * | |
| PROPERTIES, LLC AND | | FOURTH CIRCUIT |
| TENTEN REMODELING, INC. | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
THE OFFICE OF WORKERS' COMPENSATION
NO. 20-01534, DISTRICT "08"
HONORABLE Catrice Johnson-Reid, The Office of Workers' Compensation
* * * * * *
**Judge Regina Bartholomew-Woods**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Regina Bartholomew-Woods, Judge Paula A. Brown)

Christian P. Silva
William R. Penton, III
CRISTIAN P. SILVA LAW OFFICE
1818 Manhattan Boulevard, Suite 2
Harvey, LA 70058

      COUNSEL FOR PLAINTIFF/APPELLANT

Darren A. Patin
HAILEY, McNAMARA, HALL, LARMANN & PAPALE
One Galleria Boulevard, Suite 1400
Metairie, LA 70001

      COUNSEL FOR DEFENDANT/APPELLEE

           **REVERSED AND REMANDED**
           **DECEMBER 15, 2021**

*RBW*

*JCL*

*PAB*

Appellant, Judith Grajales Perez ("Appellant"), appeals the Office of Workers' Compensation's November 24, 2020 judgment granting Jeane Family Properties, LLC's exception of no cause of action.[1] Jeane Family Properties, LLC, Appellee herein ("Appellee"), argued that it was not liable to Ms. Perez for workers' compensation benefits for injuries she sustained while working on property owned by Appellee due to the following reasons: (1) Appellee did not hire or employ Appellant; (2) Appellee was unaware that its independent contractor, Kenneth Walker, hired Appellant; and (3) Appellee did not have a contract with Appellant. For the reasons that follow, we reverse the judgment of the workers' compensation court and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

---

[1]Appellee filed both an exception of no cause of action, as well as an exception of no right of action. However, the written judgment only addressed the exception of no cause of action. The judgment did not contain a ruling on the exception of no right of action. "If a trial court's judgment is silent with respect to a claim or issue placed before the court, it is presumed that the court denied the relief requested." *S.E. Auto Dealers Rental Ass'n, Inc. v. EZ Rent to Own, Inc.,* 07-0599, p. 13 (La. App. 4 Cir. 2/27/08), 980 So. 2d 89, 99 (citation omitted). Furthermore, Appellee neither answered the appeal, nor cross-appealed raising this issue as error.

1

Kim Jeane is the sole member of Jeane Family Properties, LLC. At some point prior to January 13, 2020, Appellee hired TenTen Remodeling, Inc.,[2] to perform carpentry and painting work at 917 Nunez Street in New Orleans. This property was owned by Jeane Family Properties, LLC, and managed by Kim Jeane.[3] Kenneth Walker, the owner of TenTen Remodeling, hired Appellant to assist with the work. On January 13, 2020, while on a ladder painting at the subject property, Appellant fell off the ladder, landed on some furniture, and the ladder landed on top of her, causing injuries to her left arm and back. Appellant was treated at the University Medical Center of New Orleans and Advanced Medical Center of Gretna for her injuries. Thereafter, on March 3, 2020, she filed a disputed claim with the Office of Workers' Compensation seeking medical and workers' compensation benefits from both Appellee, as well as TenTen Remodeling.

In response, on March 31, 2020, Appellee filed an exception of no cause of action, an exception of no right of action, as well as an answer and general denial. Appellant filed an opposition, and on November 16, 2020, Appellee filed a reply to the opposition. The matter came for hearing on November 19, 2020. On November 24, 2020, the trial court signed a written judgment granting Appellee's exception of no cause of action only.

## ASSIGNMENT OF ERROR

Appellant asserted a sole assignment of error; to wit: the trial court misapplied the law to the facts of the case and failed to follow the legal

[2]Appellant asserts that Appellee previously hired TenTen Remodeling to perform similar repairs at the subject property in 2017, 2018, and 2019.

[3]Appellant asserts that these facts were gathered from discovery responses Appellee provided in response to Appellant's discovery requests. However, no discovery responses are included in the record before us.

jurisprudence and apply statutory authorities to the facts in its maintenance of Appellee's exception of no cause of action.

## STANDARD OF REVIEW

In *Barkerding v. Whittaker*, 18-0415, p. 13 (La. App. 4 Cir. 12/28/18), 263 So. 3d 1170, 1180, *writ denied*, 19-0166 (La. 4/8/19), 267 So. 3d 607, this Court recognized that "[i]n addressing the trial court's judgment sustaining the exceptions of no right of action and no cause of action, we apply a *de novo* standard of review because these exceptions raise a question of law." *Id.* (citing *N. Clark, L.L.C. v. Chisesi*, 16-0599, p. 3 (La. App. 4 Cir. 12/7/16), 206 So.3d 1013, 1015 (exception of no right of action); *Herman v. Tracage Dev., L.L.C.*, 16-0082, 16-0083, p. 4 (La. App. 4 Cir. 9/21/16), 201 So.3d 935, 939 (exception of no cause of action)).

## DISCUSSION

This Court has recognized that when reviewing an exception of no cause of action, any doubt should be resolved in the plaintiff's favor:

> "The questioned [sic] posed by an exception of no cause of action is 'whether the law provides a remedy against the particular defendant.'" *2400 Canal, LLC v. Bd. of Sup'rs of Louisiana State Univ. Agr. & Mech. Coll.*, 12-0220, pp. 6-7 (La. App. 4 Cir. 11/7/12), 105 So.3d 819, 825, quoting *Badeaux v. Southwest Computer Bureau, Inc.*, 05-0612, 05-0719, p. 7 (La. 3/17/06), 929 So.2d 1211, 1216-17. "An exception of no cause of action tests 'the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading.'" *Moreno v. Entergy Corp.*, 10-2281, p. 3 (La. 2/18/11), 62 So.3d 704, 706, quoting *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1235 (La. 1993). "In deciding an exception of no cause of action a court can consider only the petition, any amendments to the petition, and any documents attached to the petition." *2400 Canal, LLC*, 12-0220, p. 7, 105 So.3d at 825. "A court cannot consider assertions of fact referred to by the various counsel in their briefs that are

3

not pled in the petition." *Id.* "The grant of the exception of no cause of action is proper when, assuming all well pleaded factual allegations of the petition and any annexed documents are true, the plaintiff is not entitled to the relief he seeks as a matter of law." *Id.* Further, "any doubt must be resolved in the plaintiffs' favor." *Id.*

"Louisiana has chosen a system of fact pleading." *831 Bartholomew*, 08-0559, p. 9, 20 So.3d at 538. "Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition." *Id.*, 08-0559, pp. 9–10, 20 So.3d at 538. "However, the mere conclusions of the plaintiff unsupported by facts does [sic] not set forth a cause of action." *Id.*, 08-0559, p. 10, 20 So.3d at 538.

The Louisiana Supreme Court reiterated the limitations placed upon the courts when reviewing a trial court's ruling on an exception of no cause of action. "The **limited** function of an exception of no cause of action is to determine whether the law provides a remedy to anyone assuming that the facts plead in the petition will be proven at trial. In making that limited determination, 'all doubts are resolved in plaintiff's favor.'" *Farmco, Inc. v. W. Baton Rouge Par. Governing Council*, 01-1086, p. 1 (La. 6/15/01), 789 So.2d 568, 569, quoting 1 Frank L. Maraist & Harry T. Lemmon, Louisiana Civil Law Treatise: Civil Procedure § 6.7(2)(1999) (emphasis added).

*Green v. Garcia-Victor*, 17-0695, p. 4-5 (La. App. 4 Cir. 5/16/18), 248 So. 3d 449, 453-54, *writ denied*, 18-0994 (La. 10/8/18), 253 So. 3d 800. *See also White v. New Orleans Ctr. for Creative Arts*, 19-0213, p. 8 (La. App. 4 Cir. 9/25/19), 281 So. 3d 813, 819, *writ denied*, 19-01725 (La. 12/20/19), 286 So. 3d 428 ("any doubt must be resolved in the plaintiffs' favor").

Because this is a workers' compensation case, the "petition" is Appellant's disputed claim for compensation and is the only document that may be considered when deciding the merits of an exception of no cause of action. The claim is a short form that contains very limited information, including the date and location of the accident and where Appellant sought medical treatment. On the claim form,

Appellant lists both Appellee and TenTen Remodeling as her employer.

For purposes of analyzing whether Appellant has stated a claim to defeat the peremptory exception of no cause of action, our review must be confined to Appellant's disputed claim for compensation form. While Appellee asserted arguments at the hearing that it was unaware of Appellant's presence on the property, and it did not have any type of employment or independent contractor relationship with Appellant, none of those facts can be gleaned from the bare bones of the disputed claim form. Thus, we are unable to weigh those facts, which fall outside of Appellant's "petition" to determine the viability of Appellant's claim.

Moreover, our review of Appellant's disputed claim form, when accepted as true, supports a cause of action against Appellee. In the completed form, Appellant alleges that Appellee and TenTen Remodeling, are her employers. She further alleges that the injury took place at 917 Nunez Street,[4] New Orleans, Louisiana, when she fell from a ladder while painting, injuring her back and left arm. Thus, on its face, Appellant's disputed claim form shows that she has stated a viable cause of action against Appellee.

Accordingly, we find that the workers' compensation judge erred, as a matter of law, when she dismissed Appellant's claim on a peremptory exception of no cause of action, based on argument of counsel at the hearing that went beyond the disputed claim form. Since we find that Appellant's disputed claim form alleged sufficient facts to sustain a cause of action, we find her assignment of error meritorious.

**DECREE**

Considering the aforementioned, the ruling of the workers' compensation

---

[4] It is undisputed that this property is owned by Appellee.

5

court maintaining the exception of no cause of action is reversed and the matter is remanded for further proceedings.

**REVERSED AND REMANDED**