STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 CA 0850

SHERAUNTE MCKINLEY

VERSUS

WILLIAM MCKINLEY

Judgment Rendered: ___MAR 2 1 2025___

Appealed from the
21st Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Docket No. 2020-0001243

The Honorable Jeffery T. Olgesbee, Judge Presiding

Kathy C. Alford                          Counsel for Plaintiff/Appellant,
Amite, Louisiana                         State of Louisiana, DCFS-CSE, in the
                                         Interest of Sheraunte McKinley

Scott M. Perrilloux                      Counsel for Appellee,
District Attorney                        State of Louisiana
Cassandra Butler
Assistant District Attorney
Amite, Louisiana

DaShawn P. Hayes                         Counsel for Defendant/Appellee,
New Orleans, Louisiana                   William McKinley

Erica Williams                           Counsel for Plaintiff/Appellee,
Hammond, Louisiana                       Sheraunte McKinley

BEFORE: WOLFE, MILLER, AND GREENE, JJ.

GREENE, J, concurs with reasons.

**MILLER, J.**

This matter is before us on appeal by the State of Louisiana, Department of Children and Families, Child Support Enforcement Division ("the State") from a judgment of the trial court sustaining peremptory exceptions of no cause of action and no right of action in favor of the defendant, William McKinley, and dismissing the State's rule to show cause with prejudice. For the reasons that follow, we reverse in part and affirm in part.

## FACTUAL AND PROCEDURAL HISTORY

On October 5, 2023, the State filed a rule to show cause why Mr. McKinley should not be ordered to pay child support for the minor children, Z.M. and M.M., born on October 2, 2008 and August 4, 2010 respectively, and why all payments should not be made payable through the State.[1] Mr. McKinley responded by filing exceptions of no cause of action and no right of action on the basis that he was neither the biological nor legal father of the minor children. Mr. McKinley averred therein that after the birth of the children, he and the mother of the children, Sheraunte McKinley, were married on July 16, 2016, and subsequently divorced by a judgment dated May 24, 2021. Mr. McKinley contended that Mrs. McKinley, without authorization, signed his name to an acknowledgment of paternity form for the minor children. Mr. McKinley contended that he subsequently filed a petition to annul the acknowledgment, which was granted by the trial court following paternity testing that revealed he was not the biological father of either child.

In support of his exceptions, Mr. McKinley attached a copy of the paternity test results and the trial court's May 16, 2023 judgment declaring that he was not the biological father of the minor children; revoking and annulling the acknowledgment of paternity of the minor children; ordering the Louisiana

_____

[1] In order to protect the identity of the minor children, we use their initials herein. See Uniform Rules - Courts of Appeal, Rule 5-2.

2

Department of Health and Hospitals, Office of Vital Records, to remove Mr. McKinley's name as the father on the children's birth certificates; and ordering the State to return any and all child support payments made by Mr. McKinley on behalf of the minor children, retroactive to the date of the filing of Mr. McKinley's petition to annul acknowledgment of paternity.[2]

The State opposed the exceptions contending that, pursuant to La. C.C. art. 195, the revocation of Mr. McKinley's acknowledgements of the children did not have the legal effect of disavowing the children. The State thus contended that because Mr. McKinley did not timely file an action to disavow paternity as required by La. C.C. art. 195, he still owed an obligation of support for the minor children.

Mr. McKinley responded to the State's opposition contending that at no time herein did Mr. McKinley execute an acknowledgement of paternity for the minor children. Instead, Mr. McKinley argued that Mrs. McKinley fraudulently, and without his authorization, signed his name on an acknowledgment of paternity form, and that the fraudulent acknowledgement executed by Mrs. McKinley relative to the minor children was annulled pursuant to La. R.S. 9:406(B).[3] Mr.

---

[2] We note that the May 16, 2023 judgment annulling the acknowledgment of paternity of M.M. and Z.M. was not appealed. Although the State filed a "Motion for New Trial and/or Motion to Vacate and Exceptions" on May 26, 2023, the trial court denied the motion as untimely where notice of the judgment was issued on May 16, 2023.

[3] Louisiana Revised Statutes 9:406(B)(3) & (4) provide for revocation or annulment of an authentic act if its execution was based on "fraud, duress, material mistake of fact or error existed in the execution of the act" or if the father is excluded by accredited laboratory testing, as follows:

(3) If the court finds based upon the evidence presented at the hearing that there is substantial likelihood that fraud, duress, material mistake of fact or error existed in the execution of the act or that the person who executed the authentic act of acknowledgment is not the biological father, then, and only then, the court shall order genetic tests pursuant to R.S. 9:396. Nothing herein shall preclude the petitioner from presenting any other evidence as a substitute for the genetic tests if it is not possible to conduct such tests.

(4) The test results certified under oath by an authorized representative of an accredited laboratory shall be filed with the court and shall be admissible on the issue of paternity pursuant to R.S. 9:397.3. If the test results show a statistical

3

McKinley further argued that once his fraudulent act of acknowledgment was annulled by order of the court based upon genetic tests conducted in accordance with La. R.S. 9:406(B), La. R.S. 9:406(D)(2)[4] provides that no further action for support may be initiated against him.

The exceptions were heard before the trial court on February 20, 2024. The State called Mrs. McKinley to testify. In connection with her testimony, the State attempted to introduce the children's birth certificates. Counsel for Mr. McKinley objected to their introduction contending that they had not been properly authenticated, and further, that they were irrelevant given the trial court's order that Mr. McKinley's name be removed from the birth certificates in its May 16, 2023 final judgment. The trial court noted that its May 16, 2023 judgment annulling Mr. McKinley's acknowledgment of the minor children and ordering that his name be removed from their birth certificates was a final judgment that was not appealed, but nonetheless allowed the State to introduce the birth certificates in evidence as State's Exhibit 1, noting Mr. McKinley's objection. At the conclusion of the hearing, the trial court granted the exceptions of no cause and no right of action and dismissed the State's rule to show cause with prejudice. In conformity with its ruling, the trial court signed a judgment on March 8, 2024.

The State now appeals.

---

probability of ninety-nine point nine percent or greater, a rebuttable presumption of paternity shall be established. If the acknowledged father is found to be excluded by the tests, an action seeking support or an established order of support shall be dismissed and the acknowledgment of paternity shall be annulled. A judgment dismissing an established order of support does not affect any child support payment or arrearages paid, due or owing prior to the date the annulment was filed.

[4]Louisiana Revised Statutes 9:406(D)(2) provides that "if the voluntary acknowledgment is annulled by order of the court based upon genetic tests conducted in accordance with Subsection B of this Section which excluded a person as a parent and an order of support has not been established, no further action may be initiated against the excluded person."

4

# DISCUSSION

Peremptory exceptions of no cause of action and no right of action are separate and distinct. La. C.C.P. art. 927(A)(5) & (6). The peremptory exception of no cause of action tests the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Labranche v. Landry, 2022-0461 (La. App. 1st Cir. 12/15/22), 357 So. 3d 395, 403. The exception is triable solely on the face of the petition and any attached written exhibits.[5] La. C.C.P. arts. 853 and 931; Cheniere Construction, Inc. v. State through Department of Revenue and Taxation, 2019-1471 (La. App. 1st Cir. 9/18/20), 313 So. 3d 992, 994-995, writ denied, 2020-01194 (La. 12/8/20), 306 So. 3d 431. The court must presume all well-pleaded facts are true, must make all reasonable inferences in favor of the non-moving party, and must resolve any doubts in favor of the petition's sufficiency. Cheniere Construction, Inc., 313 So. 3d at 995.

Turning to the exception of no right of action, La. C.C.P. art. 681 provides that an action can only be brought by a person having a real and actual interest which he asserts. The exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the action. La. C.C.P. art. 927(6). The function of the exception urging no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Robertson v. Sun Life Financial, 2009-2275 (La. App. 1st Cir. 6/11/10), 40 So. 3d 507, 511. The exception of no right of action assumes that the petition states a valid cause of action and tests whether the plaintiff has an interest in judicially enforcing it. The question simply focuses on whether the plaintiff has a right to sue the defendant to enforce the claim. St. Cyr v. St. Cyr, 2016-0896

---

[5]Moreover, on an exception of no cause of action, an appellate court lacks authority to resolve factual disputes *via* judicial notice. Kinney v. BioDistrict New Orleans, 2023-0611 (La. App. 4th Cir. 6/25/24), 398 So. 3d 38, 45 n.4.

(La. App. 1st Cir. 2/21/17), 215 So. 3d 283, 285, <u>writ denied</u>, 2017-0511 (La. 3/31/17), 217 So. 3d 357.

The exception of no right of action does not raise the question of the plaintiff's ability to prevail on the merits, nor does it question whether there is a valid defense to the proceeding. <u>LeBlanc v. Alfred</u>, 2015-0397 (La. App. 1st Cir. 12/17/15), 185 So. 3d 768, 774. Unlike the exception of no cause of action, evidence supporting or controverting an exception of no right of action is admissible; however, in the absence of evidence to the contrary, the averments of fact in the pleadings will be taken as true. La. C.C.P. art. 931; <u>St. Cyr</u>, 215 So. 3d at 285. The defendant has the burden of establishing that the plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with the suit and any doubt is to be resolved in favor of the plaintiff. <u>Teague v. St. Paul Fire and Marine Insurance Company</u>, 2006-1266 (La. App. 1st Cir. 4/7/09), 10 So. 3d 806, 847, <u>writ denied</u>, 2009-1030 (La. 6/17/09), 10 So. 3d 722; <u>Talbot v. C & C Millworks, Inc.</u>, 97-1489 (La. App. 1st Cir. 6/29/98), 715 So. 2d 153, 155.

A trial court's ruling sustaining peremptory exceptions of no cause of action and no right of action is reviewed under the *de novo* standard of review to determine whether the trial court was legally correct. <u>LeBlanc</u>, 185 So. 3d at 773. However, when evidence is introduced to support or controvert an exception of no right of action, the trial court's factual findings are reviewed under the manifest error-clearly wrong standard of review. <u>Hebert v. Superior Rental Properties, LLC</u>, 2023-1015 (La. App. 1st Cir. 9/25/24), __ So. 3d __, __, 2024 WL 4281869, *3.

At the outset, we note that while the transcript indicates that the trial court allowed the State to introduce the birth certificates of M.M. and Z.M. as State Exhibit 1, the record before us on appeal contains no exhibits from the February 20, 2024 hearing. The State, as the appellant herein, is charged with the

6

responsibility of completeness of the record for appellate review. Thus, the inadequacy of the record is imputable to the State. Brown v. Louisiana Department of Public Safety & Corrections, 2019-0853 (La. App. 1st Cir. 2/21/20), 296 So. 3d 619, 624. Nevertheless, we will first address whether the trial court erred in sustaining Mr. McKinley's exception of no cause of action, where the introduction of evidence to support or controvert the exception is precluded. See La. C.C.P. art. 931.

The State contends on appeal that the May 16, 2023 judgment of the trial court revoking Mr. McKinley's paternity acknowledgments did not have the legal effect of disavowing the children as required by La. C.C. art. 195, and that in the absence of a proceeding to disavow his paternity, Mr. McKinley still has a legal obligation to support the minor children.[6] Mr. McKinley argues that although he married the mother of the children, he did not acknowledge the children, any fraudulent acknowledgment was deemed null by the trial court's May 16, 2023 judgment, the State is precluded from initiating any further action against him pursuant to La. R.S. 9:406(D)(2) because he is not the biological father of the children, and thus the presumption established by La. C.C. art. 195 does not apply.

The court's inquiry on an exception of no cause of action is limited to determining whether the law provides a remedy to anyone *if the facts alleged in the petition are proved at trial.* Midland Funding LLC v. Welch, 2022-0823 (La. App.

---

[6]Louisiana Civil Code article 195 provides as follows:

A man who marries the mother of a child not filiated to another man and who, with the concurrence of the mother, acknowledges the child by authentic act is presumed to be the father of that child.

The husband may disavow paternity of the child as provided in Article 187. Revocation of the authentic act of acknowledgment alone is not sufficient to rebut the presumption of paternity created by this Article.

The action for disavowal is subject to a peremptive period of one hundred eighty days. This peremptive period commences to run from the day of the marriage or the acknowledgment, whichever occurs later.

1st Cir. 2/24/23), 361 So. 3d 1022, 1027, citing Farmco, Inc. v. W. Baton Rouge Parish Governing Council, 2001-1086 (La. 6/15/01), 789 So. 2d 568, 569 (per curiam) (emphasis added.). In making that limited determination, "all doubts are resolved in plaintiff's favor." Farmco, Inc., 789 So. 2d at 569, citing 1 Frank L. Maraist & Harry T. Lemmon, *Louisiana Civil Law Treatise: Civil Procedure* § 6.7(2)(1999). A court exceeds its limited scope on an exception of no cause of action by reaching the merits. Midland Funding LLC, 361 So. 3d at 1027.

In its rule to show cause why Mr. McKinley should not be ordered to pay child support for the minor children, the State alleged that Mr. McKinley was the "father" of the minor children and, as the "father" of the children, owed an obligation of support. Thus, accepting the State's allegation that Mr. McKinley is the father as true as we must, because the law extends a remedy against a father to support his minor children, the petition alleges sufficient facts to establish a case cognizable in law, and the exception of no cause of action fails. See La. C.C. art. 227; La. R.S. 46:236.1.2; Livaccari v. Alden Engineering, Inc., 2000-0856 (La. App. 1st Cir. 12/1/00), 808 So. 2d 383, 387-388. Accordingly, we find the trial court erred in maintaining Mr. McKinley's peremptory exception of no cause of action.

Turning to the peremptory exception of no right of action, the State, as assignor of Mrs. McKinley's right to pursue support for the minor children, has a clear statutory right to seek to establish or enforce a child support obligation owed by any person pursuant to La. R.S. 46:236.1.2, and this right was alleged in the State's rule to show cause.[7] See State ex rel. Department of Social Services v.

---

[7]The State's rule to show cause alleges its right to proceed pursuant to La. R.S. 46:236.1. However, the relevant statute authorizing the State to pursue child support is Louisiana Revised Statute 46:236.1.2, which provides in part:

> A. The department is hereby authorized to develop and implement a program of family support in FITAP cases, Title IV-E Foster Care cases, Medicaid-only

8

A.P., 2002-2372 (La. App. 1ˢᵗ Cir. 6/20/03), 858 So. 2d 498, 502; cf. State, Department of Social Services, Office of Family Support, in Interest of Sterling v. Coleman, 616 So. 2d 844, 849 (La. App. 3ʳᵈ Cir. 1993) ("The assignment to [the State] is actually an assignment of [the mother's] right to assert the child's right to support. [The State], as assignor of [the mother's] "right, title, and interest," is merely representing [the mother's] right as the parent of [the child] to enforce the obligation owed to the child.")

Although Mr. McKinley bore the burden of establishing that the State and/or Mrs. McKinley did not have an interest in the subject matter of the suit or legal capacity to proceed with the suit, Mr. McKinley did not introduce any evidence at the hearing. While Mr. McKinley attached the DNA Paternity Test Results and the trial court's May 16, 2023 judgment to his memorandum in support of his exceptions, he did not introduce this evidence at the hearing on the exceptions. Nonetheless, in maintaining the exception of no right of action, the trial court

---

cases, and any other category of cases to which the state is required by federal law or regulation to provide services, designed to do the following:

(1) Enforce, collect, and distribute the support obligation owed by **any person to his child or children** and to his spouse or former spouse with whom the child is living if a support obligation has been established with respect to such spouse or former spouse. [Emphasis added.]

\* \* \*

D. (1) The department, except when it is not in the best interest of the child, may without the necessity of written assignment, subrogation, tutorship proceedings, or divorce proceedings take direct civil action, including actions to establish filiation against an alleged biological parent notwithstanding the existence of a legal presumption that another person is the parent of the child solely for the purpose of fulfilling its responsibility under this Section, in any court of competent jurisdiction, to obtain an order, judgment, or agreement of support against the responsible person in any case in which the department is providing services under this Subpart. The amount of such support shall be set only by order of the court or by the consent of the parties, but in either case the department shall be designated as payee. **Additionally, the department may take direct action to modify an order or judgment of support, including actions to increase or decrease support, in any case in which the department is providing services pursuant to this Subpart. A separate and distinct cause of action in favor of the department is hereby created, and suits brought under this provision need not be ancillary to or dependent upon any other legal proceeding.** [Emphasis added.]

determined that the State, on behalf of Mrs. McKinley, had no right to proceed because its May 16, 2023 final judgment ordered that Mr. McKinley was not the biological father of the minor children; annulled the acknowledgment of paternity of the minor children; ordered the Louisiana Department of Health and Hospitals, Office of Vital Records to remove Mr. McKinley's name as the father on the children's birth certificates; and ordered the State to return any and all child support payments made by Mr. McKinley on behalf of the minor children, retroactive to the date of the filing of Mr. McKinley's petition to annul acknowledgment of paternity.[8]  See 5301 Jefferson Hwy, LLC v. A. Maloney Moving & Storage, Inc., 2023-211 (La. App. 5th Cir. 5/29/24), 392 So. 3d 337, 348 (the trial court's previous judgment could be considered by the trial court although it was not properly taken into evidence at the trial on the exception, and the court did not explicitly take judicial notice of its judgment).  Considering that Mr. McKinley's acknowledgments of the minor children were annulled and his name removed from the birth certificates, Mr. McKinley did not "acknowledge[] the child[ren] by authentic act" so as to invoke the presumption of paternity established by La. C.C. art. 195.  Thus, Article 195 does not apply.  As such, the State has no right of action to proceed with the claim for child support on Mrs. McKinley's behalf.

Upon our *de novo* review, we find no error in the judgment of the trial court sustaining Mr. McKinley's exception of no right of action.

## CONCLUSION

For the above and foregoing reasons, the portion of the March 8, 2024 judgment of the trial court maintaining Mr. McKinley's exception of no cause of action is reversed.  The portion of the March 8, 2024 judgment of the trial court

---

[8]A court may take judicial notice of its own proceedings.  Parent v. Louisiana Department of Public Safety & Corrections, 2021-0897 (La. App. 1st Cir. 3/3/22), 341 So. 3d 804, 806.  See also La. C.E. art. 202.

10

maintaining Mr. McKinley's exception of no right of action is affirmed. All costs of this appeal in the amount of $3,505.00 are assessed to the appellant, the State of Louisiana, Department of Children and Families, Child Support Enforcement Division.

**REVERSED IN PART AND AFFIRMED IN PART.**

# STATE OF LOUISIANA
## COURT OF APPEAL
## FIRST CIRCUIT

## DOCKET NUMBER
## 2024 CA 0850

## SHERANTE' McKINLEY

## VERSUS

## WILLIAM M. McKINLEY

**GREENE, J., concurring in result only.**

I agree that the trial court correctly dismissed the State's rule to show cause against Mr. McKinley. However, because I disagree with the majority's legal analysis in affirming the trial court's judgment, I concur in the result only reached by the majority.

The majority concludes the State's rule to show cause alleges a *cause of action* against Mr. McKinley, because the rule alleges that Mr. McKinley is the father of the minor children and, as the father, he owes child support. The majority further concludes, however, that the State has no *right of action* against Mr. McKinley because the trial court's May 16, 2023 prior judgment in this case: (1) decreed that Mr. McKinley was not the biological father of Z.M. and M.M, and (2) annulled Mr. McKinley's acknowledgements of paternity of the children.

While a right of action and a cause of action are similar concepts, each has a different focus. The inquiry into whether a right of action exists means asking whether the plaintiff is the proper party to bring suit and obtain a remedy, while the inquiry into whether a cause of action exists means asking whether the law provides a remedy for the specific injury alleged. *Guidry v. East Coast Hockey League, Inc.*, 2002-1254 (La. App. 3 Cir. 3/5/03), 844 So.2d 100, 104, *writs denied*, 2003-1457, 2003-1469, 2003-1471 (La. 11/21/03), 860 So.2d 543. I think La. R.S. 46:236.1.2 clearly gives the State a *right of action* to pursue child support from a person believed to be the parent of child to whom the State is providing services. The State has a real and actual interest in pursuing child support from a non-paying parent and is clearly the proper party to bring suit and obtain

a remedy in this case. *See* La. C.C.P. art. 927(6). I do not think the May 16, 2023 judgment refutes the State's right of action in this case.

Rather, I think the May 16, 2023 judgment instead shows the State has no *cause of action* against Mr. McKinley, because the law affords no remedy to the State for child support against him. Under La. R.S. 9:406(D)(2), once a court annuls an acknowledgment based upon genetic tests which excludes a person as a parent, and a support order has not been established, no further action may be initiated against the excluded person. Thus, because the trial court's May 16, 2023 judgment indeed annulled Mr. McKinley's acknowledgments based on genetic testing, and ordered the return of certain support payments previously established, the law affords no remedy to the State, and the State has no cause of action against him.

I also think the trial court had authority to take judicial notice of its May 16, 2023 judgment in deciding the exception of no cause of action. Under the law of the case doctrine, a court should not revisit an issue it decided earlier in the same case. *See, generally,* 1A La. Civ. L. Treatise, Civ. Proc. – Special Proceed. 4.7, *Law of the Case; also see Arceneaux v. Amstar Corp.,* 2010-2329 (La. 7/1/11), 66 So.3d 438, 448 (trial court and appellate court are bound by law of the case); *Spears v. Mid-America Dairymen, Inc.,* 2001-0978 (La. App. 1 Cir. 8/14/02), 824 So.2d 1269, 1275 (trial court bound by its prior rulings). The law of the case doctrine applies to those who were parties to the case when the former decision was rendered and to issues that were actually presented and decided by the court. *See Meadows v. Adams,* 2018-1544 (La. App. 1 Cir. 11/9/20), 316 So.3d 5, 10. Further, although La. C.C.P. art. 931 generally precludes the introduction of evidence to support or controvert an exception of no cause of action, there is at least indirect support that the trial court in this case had authority to take judicial notice of its own prior ruling when deciding the exception of no cause of action.[1] *See Brubaker v. Houma Police Dep't.,* 2023-1330 (La. App. 1 Cir. 10/16/24), 2024 WL 4500088, *5 and

---

[1] Although La. C.C.P. art. 931 generally precludes the introduction of evidence to support or controvert an exception of no cause of action, the jurisprudence recognizes an exception to this rule, which allows the court to consider evidence admitted without objection. *Misita v. St. Tammany Parish Government,* 2018-1595 (La. App. 1 Cir. 9/11/19), 286 So.3d 440, 443-44, *writ denied,* 2019-01877 (La. 1/28/20), 291 So.3d 1060. Thus, had the trial court's May 16, 2023 judgment been introduced into evidence without objection at the exception hearing, the trial court could also have used this avenue to consider its prior judgment in deciding Mr. McKinley's exception of no cause of action.

2

*Bayou Liberty Ass'n, Inc. v. St. Tammany Par. Council,* 2005-1228 (La. App. 1 Cir. 6/9/06), 938 So.2d 724, 729 (both cases finding trial court properly took judicial notice of ordinances in determining an exception of no cause of action). I think judicial notice is particularly appropriate in this case, because there is no factual dispute as to what the trial court's May 16, 2023 judgment establishes – Mr. McKinley is not the biological father. *Compare Kinney v. BioDistrict New Orleans,* 2023-0611 (La. App. 4 Cir. 6/25/24), 398 So.3d 38, 45, n.4 (noting judicial notice is not proper to resolve *disputed* factual issues).

Thus, in deciding Mr. McKinley's exception of no cause of action, I think the trial court herein was bound under the law of the case doctrine by its May 16, 2023 final judgment in the same case, wherein it decreed that Mr. McKinley was not the biological father of the minor children, and which judgment the State did not appeal. Because I would affirm the judgment insofar as it granted the exception of no cause of action, and even though I think the State has a right of action herein, I would pretermit deciding whether the judgment correctly granted the exception of no right of action. When there is no cause of action, there can be no right of action. *Warren v. HDI Global Insurance Company,* 21-570 (La. App. 5 Cir. 5/16/22), 341 So.3d 1249, 1253, *writ denied,* 2022-00938 (La. 11/1/22), 349 So.3d 10.

3